## HAINES v LEONARD

Ohio Appeals, 1st Dist, Hamilton Co

No 5627.   Decided June 12, 1939

Nichols, Wood, Marx & Ginter, Cincinnati, for appellant.

Dolle, O'Donnell & Cash, Cincinnati, for appellee.

## OPINION

By ROSS, J.

Appeal on questions of law from the Court of Common Pleas of Hamilton County, Ohio.

The defendant demurred to the petition of the plaintiff and the demurrer was sustained—not desiring to plead further—judgment was entered for the defendant.

The plaintiff, in her petition, alleged that she fell down a flight of stairs in an apartment building, that her mishap was caused by the failure of the defendant to comply with the ordinances of the City of Cincinnati, in which the building was located, requiring that the stairway be lighted. In the petition, the ordinances in question are set forth. They are as follows:

"Sec. 1710. Lighting of Exits. Every stairway, corridor, passageway, or other means of egress, including exterior open spaces to or through which exits lead, shall be kept adequately lighted at all times during which the floor area served by such means of egress is occupied. Artificial lighting shall be provided whenever natural light is inadequate to see exit signs, or other exit details.

"EXCEPTION—There shall be maintained by the owner, in every Group 'H-1' and 'H-2' multiple-dwelling, not less than one approved light on each floor, in the public hallway, near the stairs. Additional approved lights shall be provided where necessary for safety in the opinion of the Commissioner-of-Buildings. All such lights shall be kept burning from sunset until sunrise, except that in Group 'H-1' building, 3 stories or less in height, such lights shall be kept burning from sunset until midnight. If lights are provided and then become extinguished without the knowledge or consent of the owner, or his agent, said owner or agent shall be presumed to have complied with the provisions of this section provided he shall have restored the same within a reasonable time.

"Section 2. Words underscored in Section 1710 under Section 1 of this ordinance shall have the meanings prescribed in Chapter 2 of the Building Code.

"Section 3. Existing Section 1710 of the Building Code of the Code of Ordinances is hereby repealed.

"Section 4. This ordinance shall take effect and be in force from and after the earliest period allowed by law.

"Passed June 1, A. D. 1938."

" 'Multiple-dwelling'. A dwelling designed for and occupied other than as a one or two-family-dwelling. Multiple-dwellings, for the purposes of this Code are divided into two classes, i. e., Group 'H-1' and Group 'H-2'. See Sec. 1580."

" 'Multiple-dwellings' Group 'H-1'. Multiple-dwellings which are occupied more or less permanently for residence purposes by several families and in which the rooms are occupied in apartments, suits or groups. This class includes apartment and tenement houses, flats, apartment hotels, bachelor apartments, studio apartments, kitchenette apartments and all other dwellings similarly occupied."

" 'Multiple-dwellings' Group 'H-2'. Multiple dwellings which are occupied transiently as a more or less temporary abiding place such as hotels, dormitories and lodging houses."

4

It is the claim of the defendant, and the court so found, that the "exceptions" takes the instant case out of the application of the provisions of the first paragraph of section 1710.

It will be noted, however, that this first paragraph definitely requires that "stairways" shall be lighted, and that if natural light is inadequate, artificial light must be supplied.

The exception applies to "public hallway, near the stairs". No exception appears as to the requirement that "stairways" shall be adequately lighted. We are not called upon to pass upon what might be the relation of the exception to the rule affecting "public hallways". We are only required to consider any exception to the lighting of stairways.

It is definitely alleged that the injuries of the plaintiff were due to the failure of defendant to adequately light the stairway. This, the ordinance requires.

The judgment of the Court of Common Pleas is reversed, and the cause remanded for further proceedings.

HAMILTON PJ. and MATTHEWS, J., concur.