George E. Eilers, Appellee, v. Chicago Transit Authority, Appellant.

Gen. No. 46,198.

Opinion filed March 23, 1954. Rehearing denied April 6, 1954. Released for publication June 2, 1954.

THOMAS C. STRACHAN, JR., JAMES O. DWIGHT, CHESTER A. WYNNE, and ARTHUR J. DONOVAN, all of Chicago, for appellant.

MATTHEW STEINBERG, of Chicago, for appellee; ABRAHAM MILLER, and WILLIAM C. WINES, both of Chicago, of counsel.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a verdict and judgment thereon for $7,500. Plaintiff is a switch tender for the Chicago & Northwestern Railroad. On the morning of March 21, 1949, at about 7:00 a. m., he alighted from a southeastbound Milwaukee avenue streetcar at California avenue, in Chicago, for the purpose of taking a southbound California avenue car. He was injured while he was attempting to board such a car.

He was the only occurrence witness on his own behalf. At the time in question he was carrying a small canvas bag in which he had his lunch and a newspaper. He testified on direct examination that as he put one foot on the step of the car, it started; that he was able to get a grip on the center bar, but as the car

started his grip was broken; that he does not know whether he was pushed off the car; all he can remember is that his grip was broken. On cross-examination he testified that his grip was not released when the car started; that he stayed on the car for about thirty feet. He also thought that he got his other foot up on the step. As he was standing there, with both feet on the step and his grip on the vertical bar, he did not know whether the car lurched or some one pushed against him, but he lost his balance and fell.

Defendant produced two disinterested witnesses. One, a woman standing 100 or 200 feet south of the Milwaukee avenue intersection, stepped off the curb when she saw the streetcar coming toward her, to get ready to board it, and in the middle of the intersection she saw a man running out from Milwaukee avenue to jump on the car; that while so doing he lost his balance, turned over and fell. The other disinterested witness, Sylvester Bilski, testified that he was on the rear platform of the southbound streetcar; that he was preparing to alight at the elevated station a short block south of Milwaukee avenue; that after the car had stopped, started again and moved about twenty feet south, a man attempted to board it. The conductor testified that plaintiff attempted to board the car after it had traveled about 75 feet south and that he fell as he touched the step of the car. An acting supervisor for defendant who was stationed at California and Milwaukee avenues testified that he was at the northwest corner of the intersection; that he did not see the accident but saw plaintiff sitting in the street in the intersection 100 to 150 feet away from where he was standing. Thus, we have the testimony of two disinterested witnesses and of the conductor, directly contrary in its essence to the story told by plaintiff. We have the testimony of another employee of the

235

company which is inferentially contrary to that of plaintiff.

The question presented is whether the verdict and judgment are against the manifest weight of the evidence. That it was the duty of the trial court to grant a new trial if the verdict was contrary to the preponderance of the evidence and the duty of this court to reverse it if it is against the manifest weight of the evidence are well established propositions of law. Indeed, these duties of the courts are as much a part of the jury system as the duty of the jury to reach a verdict without bias or prejudice. No trial court has a right to shirk its duty in this respect, nor has the Appellate Court a right to disregard it. Both plaintiffs and defendants appeal to this court regularly, seeking to set aside verdicts because they are against the manifest weight of the evidence. That a court should be cautious in the application of this principle has often been stated, but such caution should not reach the point where the principle itself has lost all vitality. Recently, in a case where a single disinterested witness denied the uncorroborated testimony of the plaintiff, we held the evidence was sufficient to sustain a verdict for plaintiff. (*Hills v. Chicago Transit Authority,* No. 46135, filed March 2, 1954 [1 Ill.App. 2d 44].) In that case, as here, defendant relied upon the doctrine announced in *Peaslee v. Glass,* 61 Ill. 94, as interpreted in subsequent cases, particularly by this court in *Mareno v. Chicago Transit Authority,* 342 Ill. App. 443. In the *Peaslee* case, the plaintiff testified that the defendant admitted to him that he had given orders to the janitor to turn off the water which serviced plaintiff's barbershop, thereby causing damage. The defendant denied this, and his testimony was corroborated

236

by the janitor. The court held that the verdict was against the weight of the evidence and laid down the following doctrine:

"It belongs to the plaintiff to make out a case. The burden of proof is upon him, and where the issue rests upon the sworn affirmation of one party and the sworn denial of the other, both having the same means of information and both unimpeached, and testifying to a state of facts equally probable, a conscientious jury can only say that the plaintiff has failed to establish his claim. Without saying that this court would set aside a verdict for the plaintiff, rendered in such cases, on the ground alone that it was not sustained by the evidence, we must set aside one resting only upon the evidence of the plaintiff when that is contradicted not only by the defendant but also by another witness, and there are no elements of probability to turn the scale."

This case was quoted with approval in a considerable number of cases which are collected in the *Mareno* case, where the court set aside a verdict awarding the plaintiff $7,500 for injuries sustained when thrown from the front platform of a streetcar. In that case plaintiff's uncorroborated testimony was contradicted by the testimony of three employees of the defendant and a disinterested witness.

In the *Hills* case we referred to a contrary line of authorities, of which *Russell v. Richardson,* 302 Ill. App. 589, 24 N.E.2d 715, is the best example. In that case, the verdict was upheld, although there were three disinterested witnesses who testified, contrary to the plaintiff, that she had not fallen while alighting from the car but after she had left the car and proceeded

some distance therefrom. We stated specifically in the *Hills* case that we would not go as far as that. In the instant case there were two disinterested witnesses plus two employees of the defendant. Moreover, from a reading of the record we have observed marked inconsistencies in plaintiff's testimony to which we have already referred. It is true, as plaintiff has urged upon us, that there are inconsistencies in the testimony of defendant's witnesses relating to such matters as the precise location of the streetcar when plaintiff fell, two saying twenty feet from where it started, and one saying seventy-five feet. Estimates of time and distance always vary greatly under such circumstances. They depend largely on the location of the witness and the activity in which he was engaged at the time of the occurrence.

Plaintiff has cited cases in which courts have stated that the number of witnesses is not decisive in determining the manifest weight of the evidence, and refers particularly to *Miller v. Green,* 345 Ill. App. 255, a decision of this court. This is a sound doctrine but the courts have always considered the number of witnesses a factor, and as we stated in *Miller v. Green* the weight to be given that factor may depend on the nature of the issue of fact. In the instant case, the testimony which stands out most vividly is that the car had moved a considerable distance when plaintiff attempted to jump on. Witnesses for defendant are certain and clear on this point. Two of them are entirely disinterested, as we have said, and there is no basis for reconciling their testimony with the sole testimony of plaintiff that he boarded the car while it was standing still. Taking all this into account, it is our opinion that the verdict in the instant case is against the manifest weight of the evidence.

Judgment is reversed and the cause remanded with directions to set aside the verdict and grant a new trial.

*Judgment reversed and cause remanded with directions.*

ROBSON, J., concurs.
TUOHY, J., took no part.