Matilda Moss, Appellant, v. John Wagner, Appellee.

Gen. No. 48,606.

First District, First Division.

November 18, 1963.

Thompson and Lewin, of Chicago, and Joslyn, Parker, Kell & Conerty, all of Woodstock (Percival Thompson and Charles S. Parker, of counsel), for appellant.

Pratt & Warvel, of Chicago (Charles J. Pratt and Ezra L. D'Isa, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a personal injury action. The jury awarded the plaintiff $19,000, but the trial court entered judgment for the defendant notwithstanding the verdict. Defendant's alternative motion for a new trial was denied. The affirmance of the judgment for the defendant by this court (Moss v. Wagner, 36 Ill App2d 86, 183 NE2d 528 (1962)) was reversed by the Supreme Court in Moss v. Wagner, 27 Ill2d 551, 190 NE

2d 305 (1963), and the cause was remanded to this court "for the purpose of considering the defendant's further contention that the evidence established plaintiff's contributory negligence as a matter of law."

A partial restatement of the evidence is required. On the morning of June 27, 1953, plaintiff was operating her automobile in an easterly direction on Route 20, an east and west preferred highway. She was injured in a collision within the city limits of Marengo, in the intersection of Route 20 and East Street, a street running northwesterly and southeasterly. East Street, where it intersects Route 20, is described as a "T" intersection, with a stop sign on East Street requiring traffic to stop for Route 20. About 100 to 150 feet west of this intersection is another "T" intersection, being the intersection of Elm Street and Route 20. Elm Street comes into Route 20 from the south.

There were two occurrence witnesses, plaintiff and a bystanding neighbor. Defendant did not testify in his own defense and was not called by plaintiff as an adverse witness. Defendant's evidence consisted only of four photographs.

In our previous consideration of this case, we said (p 87):

"Defendant's motion for judgment notwithstanding the verdict presented the single question whether there was, in the record, any evidence which, standing alone and taken with all its intendments most favorable to plaintiff, tended to prove the material elements of her case. Evidence favorable to plaintiff's case was all that could be considered by the trial court in this inquiry. If there was a total failure to prove one or more of the essential elements of plaintiff's case, specifically, as contended by defendant, due care on her part or negligence on the part of the defendant, the motion was properly sustained."

181

The Supreme Court (at p 556) determined that "sufficient evidence was introduced so as to present a question of fact for the jury as to whether the defendant drove his car into the intersection without properly observing the through traffic and yielding the right of way to plaintiff who was traveling on the protected street." Therefore, the only question for this court to determine at this time is whether the evidence "established plaintiff's contributory negligence as a matter of law." If there is any evidence in the record, standing alone and considered to be true, taken with all its inferences favorable to plaintiff, which might reasonably be drawn therefrom, tending to prove that plaintiff, before and at the time of the occurrence, was using ordinary care for her own safety, then such issue was for the jury and not a matter of law.

Plaintiff testified that the day was clear and pavement dry. As she approached Elm Street, she looked to her right to see what traffic might be coming from that direction, and slowed down to be sure that an approaching car on Elm Street would stop before entering Route 20. At this time she was about 100 to 150 feet west of East Street. She then looked to her left to East Street and could see 75 to 80 feet up East Street. "I saw no vehicle of any kind and I proceeded along on U. S. 20," traveling about 20 miles an hour in the south outside lane next to the curb. "I was looking straight ahead concentrating on my side of the road because it was Saturday morning and there were children out. . . . I again looked at East Street before the accident happened and at that time my vehicle was in the center of East Street and this other car was practically on top of me at that time." She stepped on the brakes as hard as she could, but in that instant defendant hit her left front fender and wheel. Both cars were in motion at the time of the collision,

and plaintiff's car went over the curb about 60 or 75 feet from the point of impact and hit a tree and a telephone pole. Plaintiff also testified that she did not hear the other vehicle blow its horn before the collision, and she observed a cattle truck traveling in a westerly direction in the north lane of Route 20, which was about 100 feet from her car at the time of the collision. All of this evidence stands uncontradicted.

Considering the foregoing evidence standing alone and as true, taken with all its inferences favorable to plaintiff, which might reasonably be drawn therefrom, we are of the opinion that reasonable minds might draw different inferences as to whether plaintiff, before and at the time of the occurrence, was using ordinary care for her own safety. Therefore, we cannot say, as a matter of law, that the evidence in this case established contributory negligence or lack of due care on plaintiff's part. We conclude that this second issue was also a question for the jury. It follows that the trial court was in error in sustaining defendant's motion for judgment notwithstanding the verdict, and we so hold.

As defendant's motion for a new trial was denied and no cross-appeal was taken, the judgment of the trial court is reversed and the matter is remanded to the trial court with directions to deny defendant's motion for judgment notwithstanding the verdict and to reinstate the judgment for plaintiff.

Reversed and remanded with directions.

BURMAN, J., concurs.

ENGLISH, P. J., dissenting:
The question, as I see it, is not whether there was evidence tending to show negligence on the part of plaintiff, but, rather, whether there was evidence tending to show the exercise of ordinary care on her part.

183

A failure of proof on the issue should properly work against plaintiff, and not against defendant.

The fact that plaintiff was traveling on a preferential highway did not give her an absolute right-of-way. Pennington v. McLean, 16 Ill2d 577, 583, 584, 158 NE2d 624. As was well stated in Ferno v. Brown,* 14 Ill App2d 507, 511, 145 NE2d 91:

> [N]o reasonably prudent person, approaching an intersection from the right, proceeds upon the conclusive presumption that the driver approaching from the left will make no error in weighing the relative distances and speeds, but such a person must keep a lookout for traffic approaching from the direction over which he has the right-of-way and, if he fails to do so, he is not as a matter of law in the exercise of reasonable care for his own safety.

The majority opinion points out that plaintiff passed the previous "T" intersection with care, slowing down and looking for cars approaching from the intersecting street on her right. It also mentions that she looked for children and saw a cattle truck coming

---

* The salient facts in the Ferno case are strikingly similar to those before us. Plaintiff was driving in the preferred street at an intersection. He looked to his right and saw a truck, but did not look to his left, the direction from which defendant's car was moving. Plaintiff was at the center of the intersection "when all of a sudden he was hit." Although defendant's car had traversed three lanes of the four-lane street, plaintiff did not see defendant's car until the collision. Plaintiff's car was struck on the left side and travelled about four car lengths after impact. (In the case at bar plaintiff's car continued 60 to 75 feet after impact and then hit a tree or pole.) Plaintiff did not decrease speed prior to the collision. The Appellate Court reversed a judgment in favor of plaintiff on the ground that the evidence failed to show that plaintiff had been in the exercise of reasonable care and had affirmatively shown plaintiff to have been guilty of negligence.

from the opposite direction. None of these acts have any bearing whatsoever upon the issue now presented, as they do not satisfy the requirement that she look in the only direction from which a vehicle might be entering the "T" intersection in question—the direction from which defendant's car was, in fact, approaching.

It is true, of course, that plaintiff testified that she did look to her left and that she "saw no vehicle of any kind." She then proceeded on collision course without turning to right or left, without accelerating or slowing down, maintaining a steady 20 miles per hour, without looking again toward the intersecting road until "the accident happened." Only then did she apply her brake, and was unable to stop before going over the curb into a tree or pole 60 to 75 feet away.

From these facts there are only two possible conclusions either one of which would require affirmance of the trial court in this case: (1) Plaintiff did not, in fact, look in the direction of defendant's car, or (2) she looked with the kind of "unseeing eye" which has been repeatedly and consistently (until now) held to be insufficient to meet the standard of ordinary care.

As to the first alternative situation, this court recently affirmed a summary judgment for defendant as not presenting a triable issue of fact. Tuohey v. Yellow Cab Co., 33 Ill App2d 180, 180 NE2d 691. We said in that opinion at page 185:

> It is undisputed that plaintiff did not slow down as he approached the intersection in question nor make any attempt to apply the brakes. In the absence of anything in the record to show that plaintiff looked for approaching vehicles on Minerva Avenue as he approached or entered the intersection, we conclude that plaintiff failed to

**185**

exercise due care and was guilty of contributory negligence as a matter of law.

As to the second alternative situation the Supreme Court, in affirming a directed verdict for defendant in Greenwald v. Baltimore & O. R. Co., 332 Ill 627, said at page 632, 164 NE 142:

> The law will not tolerate the absurdity of allowing a person to testify that he looked but did not see the train when the view was not obstructed, and where, if he had properly exercised his sight, he must have seen it.

Later, in like action, the same court, in a similar case disposed of plaintiff's contention that he had looked but had not seen, by stating that the law considers such a contention "obnoxious." Carrell v. New York Cent. R. Co., 384 Ill 599, 604, 52 NE2d 201.

The opinion in Dee v. City of Peru, 343 Ill 36, 42, 174 NE 901, repeated the Greenwald language that the "law will not tolerate the absurdity," etc.

In Briske v. Village of Burnham, 379 Ill 193, 200, 39 NE2d 976, the court said that "[t]he conclusion is inescapable" that the driver could have avoided the collision "had he used his powers of observation. The law does not permit him to say that he did not see the obstruction when, if he had properly exercised his faculty of sight he would have seen the barrier."

Though the case is not in point on the facts, another Appellate Court, in Pantlen v. Gottschalk, 21 Ill App2d 163, 170, 157 NE2d 548, made this clear statement of the rule:

> It is equally well established by the law in Illinois, that one cannot look with unseeing eye and not see the danger which he could have seen by the proper exercise of his sight, or stated an-

186

other way, one will be deemed to have observed that which would necessarily have been seen if he had looked, and will not be absolved of the charge of negligence in failing to look by testimony that he looked and did not see. (Citing six cases, including four not mentioned in this opinion.)

Few principles of law have produced so much strong language in their declaration and restatement. For indeed these are strong words: "The law will not tolerate," "absurdity," "obnoxious," "inescapable conclusion." I believe they indicate that the principle is considered to be an important one, and not to be ignored or abandoned by any lower court, such as ours. Yet I fear that is precisely what we have done.