Paul Pfister, Plaintiff-Appellant, v. Donald L. West, Defendant-Appellee.

Gen. No. 49,216.

First District, First Division.

November 16, 1964.

Blowitz and Ozman, of Chicago (Jack M. Levin, of counsel), for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Plaintiff, Paul Pfister, brought suit for personal injuries sustained as the result of an automobile collision between a car operated by him and a car operated by defendant, Donald L. West.* At the close of all the evidence, defendant made a motion for a directed verdict and the trial court deferred ruling until after the jury's verdict. The jury awarded plaintiff damages in the sum of $1500. Defendant filed a post trial motion at the hearing of which the court sustained the motion for a directed verdict and entered judgment for defendant notwithstanding the verdict. Plaintiff appeals.

The collision occurred at the intersection of Augusta Boulevard and Kedzie Avenue in Chicago some time between 10:30 and 11:00 a. m. on August 20, 1955. It was a clear sunny day; the pavement was dry. Traffic was light. Both streets are four lanes wide and accommodate two way traffic. There were stop and go traffic signals on each of the four corners of the intersection.

Plaintiff testified that he was travelling westerly in the inner lane (the lane closest to the center) on Augusta Boulevard at about 20 to 25 miles per hour. When about a block or a block and a half away from the intersection he noticed the light was red for Augusta traffic. When he was about 60 to 80 feet east of the intersection the light changed to amber and then to green. He proceeded into the intersection with the green light when he felt his car being "hit in

---

* West had filed a seperate suit against Pfister for his damages and both causes were consolidated for trial only. The jury found against West but no appeal was taken in regard thereto and we need not be concerned with that action.

the back like a hard push in the rear tire on the left side." He said he did not see defendant's car at any time before the collision.

Defendant testified that he was driving northward on Kedzie Avenue, in the inner lane. He first noticed the light, which was then red, when he was one block south of Augusta. As he approached to within 100 to 150 feet the light changed to amber and then to green. He said he proceeded into the intersection on the green light travelling between 23 to 25 miles per hour. When he had passed the eastbound lanes (southernmost) of Augusta Boulevard he saw plaintiff's car proceeding westward on Augusta at a point opposite the east crosswalk of the intersection. He applied his brakes and turned his wheel to the left away from plaintiff's car but the front of plaintiff's car struck his automobile at the right front wheel. The impact took place just north of the center of the intersection. Defendant's car then travelled in a northwesterly direction on Kedzie Avenue into the southbound lane and struck a parked car.

The testimony regarding the damage to the cars was conflicting. Plaintiff said his car was struck in the left rear by the front part of the other car, the impact imbedding defendant's front license plate in his left tire. He produced the plate at the trial. Defendant, on the other hand, stated that plaintiff's car struck his right front wheel and fender and further said that plaintiff's license plate was imbedded in his right front wheel rim. To support his testimony he produced photographs showing damage to the right front of his car and a photograph depicting the imbedded license plate with the front part of the license plate facing outward or toward the viewer. It is inconceivable that the license plate could be in such inverted position without some explanation. Further

photographs in the record indicate damage to defendant's car on both left and right sides as well as some damage to the left front.

The only other witness was police officer Matthew Landers. He arrived on the scene and made out the police report of the accident. He testified that after the impact defendant's car was 50 feet north of Augusta facing southwest and plaintiff's car was in the center of the intersection, and that there was damage to the left side of plaintiff's automobile.

It is plaintiff's contention that the trial court sustained defendant's motion for directed verdict and entered judgment notwithstanding the verdict, upon the ground "that as a matter of law the evidence failed to establish that the plaintiff was free from contributory negligence, in that plaintiff failed to testify to the fact that the intersection was clear of traffic, prior to his entering the intersection."

Defendant argues that ". . . in this case involving a street intersection accident, plaintiff was precluded from recovery, and defendant was entitled to judgment since plaintiff's own evidence affirmatively established that plaintiff was guilty of contributory negligence, as a matter of law." Defendant further contends that the evidence bearing upon the issue of his negligence was so lacking in probative value, so inherently improbable and so contrary to the physical evidence, that the issue should never have been submitted to the jury.

Defendant cites cases where similar contentions have been urged and passed upon, but the difficulty of applying those authorities to the instant case arises from the fact that each case presents some different facts and circumstances. Here, the only eye witnesses were the parties themselves. The only facts from which conclusions can be drawn are those presented by the

condition of the intersection, the testimony of the parties and the police officer who arrived at the scene shortly after the occurrence.

There is a sharp controversy over the question of who had the right-of-way to proceed into the controlled intersection. There is a dispute as to whether plaintiff's car struck defendant's or vice versa. The need to resolve these questions of fact reveals that this case was properly one for the jury. It appears from the evidence that the jury was asked to determine the issue of whether or not the defendant drove into the intersection against a red light, thereby causing the injuries and damages sustained by plaintiff. Plaintiff testified that he had a preferential right-of-way by reason of the green light. If this testimony were accepted as true by the jury, then defendant did not have the right-of-way. Yelinich v. Capalongo, 38 Ill App2d 199, 186 NE2d 777 (1962); Cahill v. Cummings, 322 Ill App 662, 54 NE2d 634 (1944); Schneiderman v. Interstate Transit Lines, Inc., 394 Ill 569, 69 NE2d 293 (1946).

■■ It is the sole function of the jury, as a fact finding body, to determine where the truth lies in conflicting testimony, and to determine the credibility of the witnesses and the weight, if any, that should be accorded their testimony. By the jury's verdict, after having heard and seen the witnesses, we can only conclude that the testimony of plaintiff, corroborated in part by officer Landers regarding the damage, was the only evidence considered by the jury as worthy of belief. If so, plaintiff had the right to proceed through the intersection. The evidence was sufficient to support the verdict of the jury and to establish defendant's negligence.

We now come to the only substantial contention in the case. Defendant argues that, assuming as we must, that he drove into the intersection on the red light,

310

and that plaintiff had a preferential right of way, nevertheless, plaintiff's own testimony that he proceeded into the intersection without slowing down, and that he did not see defendant until the impact, though there was no traffic to obscure his vision, establishes as a matter of law that plaintiff was guilty of contributory negligence.

■ ■ The question whether plaintiff exercised due care cannot always be determined without reference to defendant's conduct. In this case the jury did, by their verdict, find that plaintiff was in the exercise of due care and caution for his own safety, as well as that defendant was guilty of negligence. Before we will resolve questions against a jury verdict, it must appear not only that the facts bearing upon such a question are not in dispute, but also that reasonable men would draw the same inferences from the undisputed facts. Seeds v. Chicago Transit Authority, 409 Ill 566, 101 NE2d 84 (1951). In determining whether plaintiff was guilty of contributory negligence as a matter of law, this court is precluded from weighing conflicting evidence, but is required to consider all the evidence together with all reasonable inferences therefrom in its aspect most favorable to the plaintiff. Merlo v. Public Service Co. of Northern Illinois, 381 Ill 300, 45 NE2d 665. We do not believe the evidence in the instant case is insufficient to establish due care by plaintiff when supported by the verdict. We cannot say that all reasonable minds in the exercise of fair and honest judgment would reach the conclusion that there was contributory negligence.

■ ■ Under the facts surrounding the collision, it is not controlling that plaintiff did not slow down his vehicle as he entered the intersection, or that he did not see defendant was about to run the red light. The Uniform Traffic Act (Ill Rev Stats, c 95½,

§ 129(a)) sets forth the rules governing the operation of motor vehicles at intersections controlled by traffic control signals. Control lights are installed to give a preferential right of way to motorists having the green light. Yelinich v. Capalongo, 38 Ill App2d 199, 186 NE2d 777; Kosowski v. McDonald Elevator Co., 33 Ill App2d 386, 179 NE2d 469 (1962). A motorist cannot be expected, as a matter of law, to adjust his conduct to deal with disregard of the traffic laws, and persons having the green light may assume that intersection traffic will stop until the light in their favor turns green. Schneiderman v. Interstate Transit Lines, Inc., 394 Ill 569, 69 NE2d 293.

■■ These presumptions in favor of the preferred motorist, however, do not excuse him from acting with reasonable care, in light of all the circumstances, and he cannot blindly rely on traffic signals where he should have apprehended that his conduct will probably result in an accident (Dodds v. Chicago Transit Authority, 9 Ill App2d 388, 132 NE2d 816 (1956)). They do, however, establish that whether he exercised such care in the manner with which he entered or passed through the intersection, is a question to be determined by the trier of the facts.

Defendant cites Tuohey v. Yellow Cab Co., 33 Ill App2d 180, 180 NE2d 691 (1962), and Kirchoff v. Van Scoy, 301 Ill App 366, 22 NE2d 966 (1939) in support of his contention that plaintiff was contributorily negligent as a matter of law. In Tuohey the court, in affirming a summary judgment for defendant, held that a motorist who failed to look for approaching vehicles as he entered an "uncontrolled" intersection was guilty of contributory negligence as a matter of law. To the same effect is Kirchoff. These and similar cases are not applicable to the situation presented here for, significantly, they do not involve intersections controlled by traffic signals.

A motion for directed verdict as well as a motion for judgment notwithstanding the verdict present the sole question whether there is in the record any evidence which, standing alone and taken with all its intendments most favorable to the party resisting such motion or motions, tends to prove the material elements of his case. Lindroth v. Walgreen Co., 407 Ill 121, 130, 94 NE2d 847 (1950).

From the foregoing it is apparent that the evidence disclosed in the record warranted submission of the questions of plaintiff's contributory negligence and defendant's liability to the jury. We cannot say that such evidence was insufficient to support the verdict.

We therefore hold that the trial court erred in sustaining defendant's motion for directed verdict and in entering judgment notwithstanding the verdict.

Plaintiff, in his brief, asks that we sustain the jury's verdict as to liability and remand the cause for a new trial for reassessment of damages. He filed no motion in the trial court charging inadequacy of damages nor did he pray for a new trial in the court below or in his notice of appeal. We do not consider this prayer an appeal.

The orders of the trial court directing a verdict and entering judgment notwithstanding the verdict for defendant are reversed. We enter judgment here for the plaintiff and against the defendant for $1500.

Reversed and judgment here.

MURPHY, P. J. and BURMAN, J., concur.