George Haas, Plaintiff-Appellee, v. Margaret Woodard, Defendant-Appellant.

Gen. No. 49,880.

First District, First Division.

July 30, 1965.

Gerrard & Gerrard, of Chicago (Michael A. Gerrard and Allen S. Gerrard, of counsel), for appellant.

Joseph D. Gannon and Lawrence P. Hickey, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

George Haas, a pedestrian, brought this suit to recover damages for personal injuries which he sustained when struck by an automobile driven by

Margaret Woodard. The defendant appeals from a judgment which was entered upon a jury verdict awarding the plaintiff $15,000 in damages. Although she raises no issues with respect to the pleadings, the defendant does contend that the plaintiff was contributorily negligent as a matter of law and that the verdict and judgment are against the manifest weight of the evidence.

It appears from the record that the events in question occurred at about seven o'clock on the evening of April 3, 1957, near the intersection of 64th Street, an east-west street, and Stewart Avenue, a north-south street, in the City of Chicago. At the time of the occurrence it was beginning to get quite dark and light rain, mixed with snow, was falling. The plaintiff was the only witness who testified on his behalf. He stated that on the day in question he left work and went to a restaurant where he ate dinner. He had a glass of beer with dinner and he drank two more glasses of beer after dinner. After he left the restaurant, he took a bus to 63rd and Harvard Streets, an intersection near his home. He made a few small purchases at a grocery store, a tavern-restaurant and a newspaper stand and walked southward along the west side of Stewart Avenue until he came to the northwest corner of the involved intersection. At this point he stood on the curbstone, looked to the north and saw a car coming toward him. He let that car pass and then he looked to the south. He imagined that he could see about one-half block to the south when he looked in that direction. Since he saw no cars coming toward him from the south, he proceeded to cross Stewart Avenue. However, after he had taken three or four steps beyond the center of the street, something "like a bolt of lightning" struck him.

Two witnesses appeared for the defendant. The defendant herself testified that at the time of the

occurrence she was driving at about fifteen miles per hour northward along Stewart Avenue on her way to night school where she was attending classes. She stated that her car was in good mechanical condition. She said that it was dark, raining and sleeting at the time of the occurrence and that her headlights were on and the windshield wiper was operating. Although on direct examination the defendant testified that as she approached 64th Street there was a car travelling ahead of her about three or four car lengths, she admitted on cross-examination that when she appeared for a hearing at the traffic violation center, she testified that there were no cars in front of her as she approached or crossed the intersection. She said that there were many cars parked along the curbs at the time she crossed 64th Street. She placed the site of the occurrence at about three or four car lengths north of the intersection in question. The defendant testified that she did not see the plaintiff before the occurrence; that the first time she knew anything concerning the plaintiff was when she felt a bump coming from the right front fender of her car; that she stopped the car almost immediately after feeling the bump; that she got out of the car and found the plaintiff lying three to four feet in front of the right front fender; and that the plaintiff smelled of alcohol.

The defendant's other witness, who was a life insurance agent at the time in question, testified that he was walking south along the west side of Stewart Avenue between 63rd and 64th Streets when he heard the squeal of tires. He said ". . . I saw a car stop. In fact, there were two cars stopped. I didn't see what happened. Nobody seemed to have hit anything. Then the cars started up again. The first car went by, and the second car followed behind it, which was about two-and-a-half car lengths behind it, and at

that time I saw—I imagine it was Mr. Haas—walk out from behind two parked—or between two parked cars and was struck by the second car." He testified further that the plaintiff proceeded into the street from the east side of Stewart Avenue; that he was struck about two or three car lengths north of 64th Street; that cars were parked close to each other on both sides of Stewart Avenue; and that after the accident the plaintiff smelled of alcohol.

Since the defendant does not raise any issues regarding the damages, we need not review the evidence relating to that subject.

 The defendant's first argument for reversal is that the plaintiff was contributorily negligent as a matter of law and he was thereby barred from recovery. The rule is clear that to be guilty of contributory negligence as a matter of law it must appear from the facts presented by the plaintiff and from all reasonable inferences that may be drawn therefrom in the plaintiff's favor that all reasonable minds would agree that the plaintiff is guilty of contributory negligence; whether the plaintiff is contributorily negligent is ordinarily a question of fact for a jury and becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence. Swenson v. City of Rockford, 9 Ill2d 122, 136 NE2d 777 and cases there cited; Loveless v. Warner, 37 Ill App2d 204, 185 NE2d 392.

██ From the evidence considered in the light of the rule stated above, the defendant argues that since her car must have been clearly visible to anyone who exercised his faculty of sight, the plaintiff must have failed to exercise reasonable care to observe the danger. We cannot agree. From the evidence adduced

by the plaintiff, it appears that the plaintiff was crossing Stewart Avenue in the crosswalk; that he looked both ways; that it was dusk and rain and snow were falling; that the plaintiff could see only a half a block to the south; that he saw no cars coming from the south before he began crossing the street; that he was struck by the defendant's automobile after reaching the center of the street. Whether, under these circumstances, the plaintiff should have seen the defendant's car is, in our opinion, a question of fact to be decided by the jury. We are unable to say, as we must in order to reverse, that all reasonable minds would reach the conclusion that the facts do not establish the plaintiff's due care and caution.

The defendant principally relies on two cases, Dee v. City of Peru, 343 Ill 36, 174 NE 901 and Briske v. Village of Burnham, 379 Ill 193, 39 NE2d 976, in which the Supreme Court held that the persons whose injuries gave rise to the actions in those cases were contributorily negligent as a matter of law and that the law will not tolerate the absurdity of permitting one to testify that he looked and did not see the danger when the view was unobstructed and where, if he had properly exercised his sight, he would have seen it. However, those cases are not determinative of the case at bar because in those cases it was clear and undisputed that the objects which the cars struck could be seen if the proper lookout were maintained. In Dee, the event in question occurred in full daylight on a clear day. There the court specifically stated that it was undisputed that the bridge barrier through which the deceased's car plunged into the river was visible for a distance of more than 100 feet. Likewise in Briske, the occurrence happened on a clear, dry evening. The rail through which the plaintiff

drove his car was painted black and white and was equipped with a large red reflector. The court said that this barricade and the reflector on it were plainly visible to persons driving toward it as the plaintiff had done. By contrast to these cases, the evidence in the present case indicates that it was dark, that rain and snow were falling at the time of the occurrence and that visibility was limited. Under these circumstances and in the absence of undisputed evidence on the matter, it was a jury question whether the plaintiff could have seen the defendant's car.

The defendant next contends that the judgment and verdict should be reversed because they are against the manifest weight of the evidence. Verdicts and judgments are not considered against the manifest weight of the evidence unless a conclusion opposite to that reached by the jury is clearly evident or that the jury's verdict is palpably erroneous. Vasic v. Chicago Transit Authority, 33 Ill App2d 11, 180 NE2d 347; Green v. Smith, 59 Ill App2d 279, 207 NE2d 169. Manifest weight is that weight which is clearly evident, plain and indisputable. Hocker v. O'Klock, 24 Ill App2d 259, 164 NE2d 225. After a review of all the evidence, we cannot say, in light of these principles, that the verdict and judgment are against the manifest weight of the evidence.

On this point, the defendant argues that the judgment and verdict are against the manifest weight of the evidence because the plaintiff's evidence is inherently improbable and self-impeaching and because the plaintiff's evidence is inherently improbable and self-impeaching and because it is contradicted by the defendant's testimony which in turn is corroborated by the testimony of the disinterested witness. In determining the question of manifest weight, it is clear that the number of witnesses may be a factor, but it is not the controlling consideration; in

384

addition the weight to be accorded this factor may depend upon the nature of the issue of fact involved. Miller v. Green, 345 Ill App 255, 103 NE2d 188; Eilers v. Chicago Transit Authority, 2 Ill App2d 233, 119 NE2d 449. The defendant relies on Eilers, a case in which a pedestrian was injured as he attempted to board a Chicago Transit Authority bus. The court in that case reversed a verdict for the plaintiff on the grounds that it was against the manifest weight of the evidence. It appears in Eilers that the plaintiff was the only witness for his case and that there were "marked inconsistencies" in his testimony. The defendant produced two disinterested witnesses and two other witnesses who were its employees. The testimony of all these witnesses contradicted that of the plaintiff. The case at bar is significantly different and hence Eilers does not control here. In the present case, we do not believe, as the defendant argues, that the plaintiff's testimony that he did not see the defendant's car was inherently improbable or self-impeaching. Moreover, we do not find any "marked inconsistencies" in this testimony. In addition, we find that, regarding the presence of a second car at the scene of the occurrence, the testimony of the defendant was impeached by her prior statement in the hearing at the traffic violation center. Because of these differences we cannot give determinative weight to the factor of the number of witnesses as the court did in Eilers.

The defendant strongly urges that Wisla v. Fry, 2 Ill App2d 288, 119 NE2d 410, is identical to and hence dispositive of the case at bar. We do not agree. In Wisla, unlike the present case, the plaintiff's own testimony necessarily supported the conclusion that she walked into the street from between stopped automobiles and at a distance west of the crosswalk. In the case at bar the plaintiff's evidence supports

only the conclusion that he was crossing at the crosswalk and not from between stopped cars. Also in Wisla, unlike in the present case, the intersection was controlled by traffic lights and it appeared from all the evidence that the defendant was proceeding with the green light. Finally in Wisla the court concluded, as we cannot in the present case, that at the time the plaintiff was in the middle of the street, conditions were such that she must have seen the defendant's car, if, as she testified, she did in fact look in the direction from which it was approaching.

The judgment of the Superior Court should be affirmed.

Judgment affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.