JOHN A. RELLI, Plaintiff-Appellee, *v.* SANDRA KEMNITZ LEVERENZ, Defendant-Appellant.

(No. 59355; )

First District (4th Division)—October 9, 1974.

Paulson & Ketchum, of Chicago, for appellant.

Thomas M. Riley, of Skokie, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, John A. Relli, brought an action in the Circuit Court of Cook County to recover personal injury and property damages arising out of an automobile collision with defendant. The cause was submitted to the court without a jury. The court entered judgment in favor of plaintiff in the amount of $3500 and defendant appeals.

The impact occurred on March 11, 1971, at the intersection of Sunnyside and Marmora in the city of Chicago. There were no traffic control signs or signals at the intersection. Plaintiff was driving north on Marmora which was a narrow two-lane street, and defendant was driving west on Sunnyside which was approximately 40 feet in width. After plaintiff had proceeded approximately three-quarters through the intersection, his automobile was struck broadside at the right door and front fender by defendant's car. Plaintiff's car then ran into a tree 60 feet away causing further damage.

Defendant primarily contends that the finding and judgment are against the manifest weight of the evidence, and that plaintiff is guilty of contributory negligence as a matter of law. This argument is premised upon plaintiff's failure to observe defendant's approaching vehicle, and upon plaintiff's alleged violation of the Illinois right-of-way statute. The statute reads:

> "When 2 vehicles enter an intersection from different roadways at approximately the same time, the driver of the vehicle on the left must yield the right-of-way to the vehicle on the right." (Ill. Rev. Stat. 1969, ch. 95½, par. 165(b).)

It is argued that inasmuch as defendant was to plaintiff's right, the plaintiff should have yielded the right-of-way; and, therefore, he is guilty of contributory negligence as a matter of law.

■■ The determinative question presented to us on this issue is whether there is any evidence in the record standing alone and considered to be true which would tend to prove that the plaintiff, before and at the time of the occurrence, was exercising ordinary care for his own safety; and if so, the issue of contributory negligence is for the trier of facts who sees and hears the witnesses. (*Moss v. Wagner*, 44 Ill.App.2d 180, 194 N.E.2d 481.) From the outset we stress that the mere fact that defendant was to the right of plaintiff at the time plaintiff entered the intersection does not constitute contributory negligence per se. It is beyond challenge that the above statute does not grant an absolute right-of-way to the driver on the right. (*Klein v. Pritikin*, 6 Ill.App.3d 323, 285 N.E.2d 457.) Each case must be decided on its own particular facts, and no one feature such as the right-of-way statute alone is determinative. As stated in *Leonard v. Murphy*, 13 Ill.App.2d 39, 45, 140 N.E.2d 537:

"It has been repeatedly held by the courts of this state that the statute on right of way does not contemplate that this right may be invoked, when the car from the right is so far from the intersection at the time the car from the left enters upon it, that with both running within recognized speed limits, the latter will reach the line of crossing before the former will reach the intersection." Thus, we reiterate that the statute does not confer an absolute right-of-way nor afford the favored motorist a conclusive presumption that the other must yield. The statute must be considered with regard to, both the distance and speed of the vehicles approaching the intersecting streets. (*Breslin v. Bates*, 14 Ill.App.3d 941, 303 N.E.2d 807.) Whether the plaintiff was exercising ordinary care prior to the collision depends upon the circumstances of the impact.

Plaintiff's testimony, if believed, is that he came to a full stop prior to entering the intersection. Before proceeding, he looked to both his left and right. His line of vision to the right was somewhat obscured by trees and parked vehicles. Seeing no approaching cars, he proceeded slowly into the intersection, and he again looked in both directions. Both plaintiff and defendant stated that at the time of the collision, plaintiff had proceeded beyond the middle of the intersection, and that the impact occurred in the northeast one-quarter of the intersection. Thus, plaintiff travelled 20 to 30 feet from a stopped position to the point of impact, whereas defendant travelled approximately 10 feet into the intersection. Defendant testified that when she reached the intersection, she observed plaintiff to her left, and he appeared to be slowing down. She then looked to her right and proceeded through the intersection at a rate of 10 to 13 miles per hour.

Defendant cites numerous cases in which the plaintiff has been found to be guilty of contributory negligence for failure to yield the right-of-way to an oncoming vehicle. Our attention is called particularly to the decision in *Lamberes v. Northern Cartage Co.*, 86 Ill.App.2d 311, 229 N.E.2d 901, wherein the plaintiff was held to be guilty of contributory negligence as a matter of law for a flagrant violation of the right-of-way statute. In *Lamberes* the plaintiff was approaching an uncontrolled intersection at a speed of 20 to 25 miles per hour. The defendant also was proceeding at the same rate of speed. When plaintiff was 7 to 8 feet from the crosswalk, he saw the defendant's automobile approximately one-quarter block from the intersection. Despite observing the on-coming vehicle, he proceeded into the intersection at an unchanged speed and was struck broadside at or near the middle of the intersection. No such factual situation exists in the case at bar.

We find that in *Lamberes*, as well as all other cases cited by de-

fendant, there exist at least two determinative factors which distinguish them from the instant situation. The first of these is that both vehicles entered the intersection at approximately the same time. For example, in *Lamberes* both vehicles were proceeding at the same rate of speed, and the collision occurred in the center of the intersection. From these facts it is manifestly obvious that the vehicles entered the intersection at approximately the same time. The facts in the instant case are easily distinguishable. The collision occurred in the northeast one-quarter of the intersection. Since Sunnyside was considerably wider than Marmora, plaintiff travelled substantially further into the intersection than did defendant. Plaintiff did this from a stopped position, whereas defendant was in continuous motion. Furthermore, as a sole result of the impact, defendant's car was rendered a total loss. This fact raises an inference as to the speed of defendant's automobile. From these considerations of distance and speed, it is clear that the trial judge determined that plaintiff entered the intersection before defendant and not at approximately the same time. Thus, the statutory protection concerning right-of-way is not applicable.

The second distinguishing factor in all the cases cited by defendant is that the plaintiff proceeded in the face of a hazard he either observed or had no cause not to observe. For example, in *Lamberes* the plaintiff saw an approaching vehicle in ample time to take corrective measures, but he failed to do so. We do not dispute that such an act is contributory negligence. The case at bar, however, is distinguishable, for the plaintiff did not see defendant's approaching automobile. Therefore, he was unaware of any need to adjust his speed. Defendant also contends that plaintiff is guilty of contributory negligence as a matter of law for failure to see defendant's car. We note that in all cases cited by defendant, a finding of contributory negligence is made expressly contingent upon the plaintiff having an unobstructed line of vision.

■■ In the case at bar, plaintiff testified that his view to the right was obscured by trees and parked vehicles. Thus, we cannot say as a matter of law that plaintiff did not exercise ordinary care for his own safety, since his failure to observe defendant's car was excused under the circumstances.

■ In *Pfister v. West*, 53 Ill.App.2d 305, 203 N.E.2d 35, the court stated that a motorist may not blindly rely on presumptions concerning the right-of-way, and that these laws do not excuse the favored motorist from exercising reasonable care in light of the circumstances. It is a question of fact whether the driver exercised reasonable care in entering the intersection; and thus, in the case at bar it was for the trier of facts to determine where the truth lay. A finding by the trial court will

not be set aside upon review unless it is clearly and manifestly against the weight of the evidence. *Stevens v. Fanning*, 59 Ill.App.2d 285, 207 N.E.2d 136.) Manifest weight means the clearly evident, plain and indisputable weight of the evidence. (*Haas v. Woodard*, 61 Ill.App.2d 378, 209 N.E.2d 864.) We find that the judgment in favor of plaintiff is supported by the evidence, and we see no basis to find it against the manifest weight.

■■ It is next contended that the court erred in striking allegedly prior inconsistent statements made by plaintiff to an investigator. We have examined the record and are in accord with the trial court that this offered testimony is not impeaching. We also reject defendant's claim that the damages assessed by the trial court were based upon mere surmise and conjecture. We deem it unnecessary to detail the reasons, but suffice it to say that a judgment for a much larger sum could be sustained.

The judgment of the circuit court is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.