[Civ. No. 8766.   Second Appellate District, Division One.—February 14, 1935.]

CLIFFORD M. RANDALL, Respondent, v. JOHN M. EVANS, Appellant.

Kidd, Schell & Delamer for Appellant.

E. B. Drake for Respondent.

EDMONDS, J., *pro tem.*—Defendant appeals from a judgment rendered against him in an action for personal injuries. He contends that the evidence affirmatively shows as a matter of law that the plaintiff was guilty of negligence proximately contributing to the happening of the accident, and, further, that the evidence is insufficient to support the finding of fact that the defendant was guilty of negligence.

The personal injuries for which plaintiff claims damages were sustained in a collision between two automobiles, one of which was driven by him and the other by the defendant. Plaintiff was traveling east on Washington Street in the city of Los Angeles, approaching the intersection of Griffith Avenue. This was an obstructed crossing, so far as his view was concerned, within the meaning of the California Vehicle Act. (Deering's Gen. Laws, 1931 Ed., Act 5128, sec. 113.) Defendant was traveling north on Griffith Avenue. The intersection has automatic traffic signals which were operating at the time of the accident. The vehicles collided in the intersection somewhere near the southeast corner of the streets.

Although there is some conflict in the testimony concerning the signals as plaintiff approached the corner, he testified that the semaphores showed the word ''Go'' for east and west traffic, and we must assume this to be true. However, he also testified that he was traveling between 20 and 25 miles per hour as he entered and passed through the intersection. This speed, appellant contends, constituted negligence as a matter of law and prevents a recovery.

The accident occurred on August 25, 1930. The trial commenced May 31, 1932. The legislature of 1931 amended the California Vehicle Act by adding subdivision ''d'' to paragraph 7 of section 113. This amendment was effective in August, 1931, and became one of the rules of evidence in this case. (*Pilcher* v. *Tanner Motor Livery*, 138 Cal. App. 558 [33 Pac. (2d) 58].) Under the new law plaintiff was not guilty of negligence as a matter of law and the burden of proof was on the defendant to establish that the operation of the vehicle at the speed shown by the evidence constituted negligence. This issue of fact has been determined adversely to the defendant upon conflicting testimony. We cannot disturb the finding of the trial court that plain-

tiff was not guilty of negligence at the time of the happening of the accident.

■ Appellant also asserts that the evidence shows affirmatively that plaintiff did not look as he entered the intersection, hence he was guilty of negligence and that the evidence for that reason is insufficient to support a judgment in his favor. The evidence does not show that plaintiff failed to look to his right as he approached and entered the intersection. The extent to which he looked and the points where he observed traffic which might endanger him is shown by the evidence. The trial court's finding that he was not guilty of negligence is the determination upon sufficient evidence, of an issue of fact against the defendant, and cannot be reviewed upon appeal.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.