[Civ. No. 14939.  Second Dist., Div. Two.  Dec. 5, 1945.]

KURLY C. TAYLOR, Respondent, v. G. J. SIMS et al., Appellants.

Bryce P. Gibbs and Kenneth K. Scott for Appellants.

Katz, Gallagher & Margolis and John T. McTernan for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages for personal injuries received in a motor vehicle accident as the result of defendants' negligence, defendant Pacific Greyhound Lines appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent), and pursuant to the rules set forth in *Estate of Isenberg*, 63 Cal.App.2d 214, 216 et seq. [146 P.2d 424], the essential facts are:

On January 23, 1944, at about eleven a. m., defendant Sims was operating a bus, owned by his co-defendant, in a southerly direction on San Pedro Street, just north of where it intersects Adams Boulevard, in Los Angeles. About the same time plaintiff was driving his Chevrolet sedan in an easterly direction on Adams Boulevard just west of San Pedro Street. The intersection is controlled by electrically operated traffic signals which were in operation at the time of the collision. There were also marked crosswalks at the intersection. Both vehicles were moving at a speed of approximately twenty miles per hour. Plaintiff entered the intersection in accordance with the green signal permitting east and west traffic. Thereafter defendant Sims drove his bus into the intersection against the red signal which required north and south bound traffic to stop. The two vehicles collided slightly to the south and to the east of the center point of the intersection. As a result of the accident plaintiff received injuries and was damaged in the sum of $5,600 according to the verdict of the jury.

Defendant relies for reversal of the judgment on six propositions which will be stated and answered hereunder seriatim:

■ First: *Defendant Sims was not negligent in the operation of the bus he was driving.*

This proposition is untenable and is governed by the following pertinent rules of law:

(1) Violation of a statutory requirement is negligence as a matter of law. (*Clinkscales* v. *Carver*, 22 Cal.2d 72, 75 et seq. [136 P.2d 777].)

(2) Vehicular traffic facing a "Red" or a "Stop" signal must stop before entering the nearest crosswalk at an intersection or at such other point as may be indicated by a clearly visible line, and shall remain standing until a "Green" or "Go" is shown alone. (Veh. Code, § 476 (c) 1.*)

In the instant case plaintiff testified that when he entered the intersection it was with a green light indicating that it was open for east and west traffic. Witness Christopher testified that when defendant Sims drove through the intersection it was against a "Stop" light prohibiting north and south traffic on San Pedro Street. Therefore it is clear that defendants by violating rule 2 above were guilty of negligence as a matter of law.

■ Second: *Plaintiff was guilty of contributory negligence as a matter of law.*

This proposition is likewise untenable. Defendants' argument is based on the assumption that plaintiff was negligent because he failed to (a) yield the right of way to defendants' bus which had entered the intersection first; (b) look to his left or right as he approached the intersection; and (c) operate his automobile at a proper speed.

(a) Plaintiff was not required to yield the right of way to defendants since the evidence discloses that plaintiff entered the intersection prior to the time that the bus operated by defendants entered the intersection; hence section 550 of the Vehicle Code is inapplicable to the facts in the instant case.

(b) Since the intersection here involved was controlled by an electric traffic signal plaintiff was not required to look into the cross streets before entering the intersection. The signal permitted him to move in an easterly and westerly direction. The rule being that where the intersection movement of traffic is governed by signaling devices the determination of the

---

*None of the exceptions to this requirement provided in the Vehicle Code were pleaded or proven by defendants.

question as to whether the one driver or the other is responsible for a collision at the intersection depends primarily upon the showing as to whether one vehicle or the other was being operated in conformity with the signal. The driver proceeding pursuant to the ''Go'' signal is not to be deemed negligent because he fails to maintain a lookout for a vehicle which might enter the intersection in violation of the signal. (*Travis* v. *Eisenlord,* 256 Mich. 264 [239 N.W. 304] ; *Church* v. *Shaffer,* 162 Wash. 126 [297 P. 1097, 1098] ; cf. *Randall* v. *Evans,* 4 Cal.App.2d 575, 576 [41 P.2d 561].)

(c) There is no merit in defendants' contention that plaintiff was guilty of contributory negligence because he operated his automobile at an excessive speed. Section 511 (b) (1) of the Vehicle Code permits a speed of twenty-five miles per hour in any business or residence district. This provision is subject to section 511 (a) (4) of the Vehicle Code which requires that the speed be reduced to fifteen miles per hour when entering an intersection where the driver does not, for the last 100 feet in his approach to the intersection, have a clear and unobstructed view of such intersection. However, the limitation in section 511 (a) (4) makes unnecessary a speed of less than twenty-five miles per hour ''at a traffic controlled intersection.''

In the present case it is conceded that the intersection of San Pedro Street and Adams Boulevard was an electric traffic controlled intersection in a business district, and since the testimony discloses that plaintiff entered it at a speed not to exceed twenty miles per hour he was not guilty of negligence as a matter of law because of the speed at which he was operating his automobile.

■ Third: *The trial court erred in modifying the following instruction before giving it by striking therefrom the second paragraph.*

(1) *''The intersection of a public highway is defined by California Vehicle Code as follows:*

*'' 'Intersection' is the area embraced within the prolongation of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways, of two highways which join one another at approximately right angles or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.''*

(2) *''You are instructed that if the defendant, Pacific Greyhound Lines bus entered the intersection as said intersection*

*is defined in these instructions before the plaintiff Kurly Taylor's automobile entered said intersection, then the driver of defendant's bus had the right to assume, unless he had knowledge to the contrary, that the plaintiff would yield the bus the right of way and would not attempt to cross said intersection in front of the bus and said defendant was not guilty of negligence if the driver of the bus was otherwise in the exercise of ordinary care in thus assuming and continuing to move the bus forward through said intersection."*

This proposition is untenable. The trial court properly modified the foregoing instruction. The matter contained in the portion stricken has reference to drivers entering an intersection which is not controlled by a traffic signal. In the instant case the movement of traffic in the intersection was controlled by traffic signals. Hence the rights of the parties were to be determined pursuant to section 476 of the Vehicle Code and not pursuant to the provisions of section 550 (a) of the Vehicle Code. See discussion of this subject under the second paragraph (b), *supra.*

█  Fourth: *The trial court erred in instructing the jury as follows:*

*"If negligence on the part of the defendant has been a proximate cause of aggravating a previously existing disability suffered by plaintiff, that effect should be considered by you in fixing damages, if your decision on the question of liability requires you to fix damages."*

The trial court properly gave the foregoing instruction to the jury. The evidence discloses that plaintiff's lumbo sacral joint had become fused or ''sacrolized,'' giving plaintiff a potentially weak back; that this was a congenital condition unrelated to the collision; that as a result of the collision plaintiff suffered a severe sprain and wrenching of the back muscles and ligaments; and that the injuries received from the accident would disable him for a long time and were serious.

Predicated upon the foregoing evidence the plaintiff was entitled to the above instruction. █ The law is established in California that damages may be recovered for aggravation of a preexisting condition even though the condition was not disabling before the accident. (*Perry* v. *McLaughlin*, 212 Cal. 1-11 [297 P. 554].)

█  Fifth: *The trial court erred in refusing to give the following instructions:*

[a] *"You are instructed that where a motor vehicle has actually entered an intersection before the other motor vehicle approaches it the driver of the first motor vehicle has the right to assume that he will be given the right of way and be permitted to pass through the intersection without danger of a collision."*

█ The trial court's refusal to give the instruction was correct for the reasons set forth under the third proposition, *supra.*

[b] *"Negligence is not an absolute term, but a relative one. By this we mean that in deciding whether there was negligence in a given case, the conduct in question must be considered in the light of all of the surrounding circumstances, as shown by the evidence."*

The trial court did not err in refusing to give the foregoing instruction. In fact, such instruction was given. The record discloses that the trial court instructed the jury as follows:

*"Negligence is not an absolute term, but a relative one. By this we mean that in deciding whether there was negligence in a given case, the conduct in question must be considered in the light of all the surrounding circumstances, as shown by the evidence."*

█ Sixth: *The damages awarded by the jury are so excessive as to appear to have been given under the influence of passion or prejudice.*

This proposition is without merit. The law is established in California that a jury's verdict will not be set aside upon appeal on the ground the damages are excessive, unless the verdict is so outrageously excessive as to suggest, at first blush, passion or prejudice. (*Junge* v. *Midland Counties etc. Corp.,* 38 Cal.App.2d 154, 160 [100 P.2d 1073].)

In the instant case the amount of the award $5,600, does not fall in this category. The evidence discloses that plaintiff's loss of earnings, medical bills and repairs to his car amounted to $2,015.96, leaving a balance of $3,584.04 which the jury awarded for pain and suffering and for loss of earning power until plaintiff could fully recover from his injuries. Clearly such sum was not in excess of the amount that would compensate plaintiff for the damages he had suffered.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.