RAEBEL, Appellant v.
FISHERS GROVE GOLF COURSE, INC., Respondent
(214 N.W.2d 785)

(File No. 11294. Opinion filed February 15, 1974)

Richard H. Battey of Gallagher & Battey, Redfield, for plaintiff and appellant.

John B. Wehde of Benson, Beach, Fingerson & Wehde, Huron, for defendant and respondent.

## MEMORANDUM OPINION

BIEGELMEIER, Chief Justice.

Plaintiff, a dues-paying member of defendant golf course, was injured when she slipped and fell in the main room of defendant's clubhouse while walking in a direct line from a restroom to an outside door. The tile floor where the fall occurred had been waxed the day before. Plaintiff was wearing shoes with metallic golf spikes. Rubber mats had been placed where the traffic was heaviest, leaving areas without such covering where persons were permitted to walk, and did walk, from one part of the room to another. There was some testimony that the mats were placed to protect the floor so that dirt that collected under the golf spikes would fall off on the mats. The jury returned a verdict for plaintiff and the trial court thereafter granted defendant's motion for judgment n.o.v. Plaintiff appeals.

A motion for judgment n. o. v. is retroactive in effect, relates back and is based upon defendant's motion for a directed verdict made at the close of all the testimony. Thus the instructions are not to be considered by the trial court in ruling on such a motion or by this court in reviewing that ruling on appeal. RCP 50(a) and (b), SDCL 15-6-50(a) and (b); Barnhart

v. Ahlers, 1961, 79 S.D. 186, 110 N.W.2d 125; Profit Counselors, Inc. v. Knight, 1966, 82 S.D. 350, 146 N.W.2d 60.

■ Questions of negligence, contributory negligence and proximate cause are usually questions of fact for decision by a jury, and it is only when the facts are not in dispute or such that reasonable men could not differ that they become questions of law for the court. Barnhart v. Ahlers, supra.

■ This court reviews the evidence in the light most favorable to support the jury verdict. Warwick v. Mulvey, 1964, 80 S.D. 511, 127 N.W.2d 433; Meylink v. Minnehaha Co-Op Oil Co., 1938, 66 S.D. 351, 283 N.W. 161.

■ Supplementing the facts stated above, there was evidence that plaintiff was not aware the tile was waxed, the area where she fell was commonly walked on by others wearing golf shoes, and the manager of defendant club had knowledge other persons had slipped and fallen. Viewing the evidence under the guidelines above, we conclude reasonable minds might differ as to the issues of negligence and contributory negligence. Cf. Wilson v. Payne, 1958, 74 Nev. 312, 330 P.2d 120.

The judgment appealed from, which set aside the judgment for plaintiff, is reversed and the judgment for plaintiff is reinstated.

WOLLMAN, DOYLE and DUNN, JJ., and RENTTO, Retired Judge, concur.

RENTTO, Retired Judge, sitting for WINANS, J., disqualified.