Celia LUKENS, Plaintiff and Appellant,

v.

Cathleen ZAVADIL, Defendant and Respondent.

No. 12535.

Supreme Court of South Dakota.

Argued March 21, 1979.

Decided June 28, 1979.

Steven M. Johnson of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, for plaintiff and appellant.

Craig A. Kennedy of Doyle, Bierle & Porter, Yankton, for defendant and respondent; James E. Doyle of Doyle, Bierle & Porter, Yankton, on the brief.

ANDERST, Circuit Judge.

This is an action for damages, the result of an automobile accident covered by our guest statute SDCL 32–34–1.* The jury returned a verdict in the amount of $20,000 in favor of plaintiff. Defendant moved for judgment notwithstanding the verdict, which was granted by the trial court. Plaintiff appeals from the order granting that motion and the judgment entered thereon. We reverse and remand with instructions to the trial court to reinstate the jury verdict.

Plaintiff was a passenger in an automobile operated by defendant that was involved in an accident on April 13, 1975. Plaintiff was fifteen and defendant was sixteen. They were classmates and friends who resided in Crofton, Nebraska. For about a week they and two other girls planned a trip to a dance in St. Helena, Nebraska. Defendant, who had just recently obtained a driver's license, secured permission to use her parents' automobile, a 1966 model, and volunteered to drive.

That Saturday evening, defendant picked up plaintiff and another girl. Plaintiff testified,

Well, after she picked Kathy Nohr up she said something like, she needed to fill up the car, and we gave her a dollar each.

. . . . .

In Crofton it is customary to give, you know, to help pay for the gas but since Cathy did say that she needed gas and she needed some money to put the gas in I felt obligated that I should pay her.

And I felt that if I didn't give her the dollar she wouldn't be able to get gas and we wouldn't be, she wouldn't be able to drive.

Further, her testimony was,

After we drove off from Crofton after she picked me up she mentioned something that before she left something about the windshield wipers weren't working and it was either take that car that the windshield wipers weren't working on or take the other car, that the brakes didn't work on. . . .

The girls drove to Yankton, South Dakota, where they met some boys who talked them into driving to Tyndall, South Dakota, and attending the dance being held there. Pooling funds, the girls asked the boys to purchase a six-pack of beer for them. Each girl drank two beers on the drive to Tyndall and before they entered the dance hall. While at the dance, the girls drank additional beer.

After the dance, as the girls were preparing to leave, it began to rain. The wipers failed to work properly and some passing boys assisted in getting them operating. Four or five miles further down the road, the wipers again failed. Defendant pulled over to the side of the highway, got out, fixed them and again proceeded toward home. This sequence of events occurred several more times. Plaintiff and Kathy Nohr fell asleep. Defendant became drowsy but continued on at speeds of about fifty miles per hour. About five miles west of Yankton, defendant fell asleep, awaking as she observed headlights coming straight at her. At about 1:00 a. m., driving in the wrong lane of traffic, she collided head on with an automobile traveling in the opposite direction. As a proximate result of the accident, plaintiff spent ten days in intensive care and nearly two years on crutches. She has a permanent impairment of her right leg and twenty percent total body impairment. She has incurred medical bills totaling nearly $11,000 and has anticipated future medical bills of approximately $3,500.

* This statute was repealed by 1978 S.D.Sess.L. ch. 240, § 1, effective July 1, 1978.

At the close of plaintiff's case, defendant moved for a directed verdict based upon the guest statute; first, that plaintiff had failed to prove she was not a guest within the meaning of the statute; and second, that plaintiff had failed to prove willful and wanton misconduct on the part of defendant. The trial court denied the motion. Defendant then proceeded to present her case, after which she once again moved for a directed verdict for the same reasons as set forth in the previous motion. The trial court again denied the motion, stating that issues of fact had been presented on both issues that a jury should determine. Instructions properly setting forth the law were given to the jury. No special interrogatories were requested or sent to the jury, and the jury returned a unanimous general verdict in favor of plaintiff and against defendant in the sum of $20,000. Judgment was entered on the verdict.

Defendant then moved the court for judgment notwithstanding the verdict. After oral arguments and briefs, the trial court granted the motion, and judgment was entered thereon. Plaintiff now appeals from the trial court's granting the motion and the judgment entered thereon.

■ This court reviews the evidence in the light most favorable to support the jury verdict. *Raebel v. Fishers Grove Golf Course, Inc.*, 88 S.D. 20, 214 N.W.2d 785 (1974); *Warwick v. Mulvey*, 80 S.D. 511, 127 N.W.2d 433 (1964); *Meylink v. Minnehaha Co-op Oil Co.*, 66 S.D. 351, 283 N.W. 161 (1938). In addition, we must give plaintiff the benefit of every inference, and every controverted fact must be resolved in plaintiff's favor. *Beck v. Wessel*, 237 N.W.2d 905 (S.D.1976); *Peterson v. Snell*, 80 S.D. 496, 127 N.W.2d 142 (1964); *Fossum v. Zurn*, 78 S.D. 260, 100 N.W.2d 805 (1960).

■ To exclude a passenger from the operation of the guest statute, one of two elements is necessary: (1) The driver must receive some benefit from the transportation either alone or in common with the rider, and such benefit must be sufficiently real, tangible and substantial to serve as the inducing cause of the transportation so as to operate to completely overshadow any considerations of mere hospitality growing out of friendship or relationship, *Peterson v. Snell*, supra; or (2) the accident and the injury must have been caused by the willful and wanton misconduct of the owner or driver of the vehicle. Both theories were presented to the jury. The status of the present case does not allow us to determine upon which theory the jury based its verdict.

■ The question whether a person riding in another's automobile is a guest within the meaning of the guest statute depends upon the facts and circumstances involved in each case. The rule consistently followed in this court is that we cannot weigh conflicting evidence or pass upon the credibility of witnesses. That is within the province of the jury. *Boyd v. Alguire*, 82 S.D. 684, 153 N.W.2d 192 (1967). The jury might well have believed plaintiff when she testified that she felt that if she did not pay defendant the dollar for gas, defendant would not drive. This would have made her a passenger outside the confines of the guest statute.

It is well-settled law in this jurisdiction that willful and wanton misconduct means something more than negligence. It is the application of the rule that is difficult.

> [T]he question for this court always is, is the evidence such that a jury might find that to the ordinary mind it must have been apparent that the described conduct would in all probability (as distinguished from possibility) produce the precise result which it did produce and would bring harm to the plaintiff.

*Brewer v. Mattern*, 85 S.D. 356, 361, 182 N.W.2d 327, 330 (1970). In reviewing plaintiff's evidence concerning defendant's conduct, we find that defendant had limited driving experience; she knew the windshield wipers were not working properly when she left home; it was late at night; it was a strange road; defendant had been drinking; defendant was drowsy; it was raining; the windshield wipers were causing the window to streak and glare;

defendant continued driving at approximately fifty miles per hour and finally ended up in the wrong lane of traffic and collided head on with an approaching automobile. Certainly a jury might find from those facts that the probability, as distinguished from the possibility, of an accident was present.

The questions were properly submitted to the jury. Sufficient evidence was presented to allow reasonable minds to reach differing conclusions. In such cases the conflict should go to the jury for resolution, and the verdict should not be disturbed on motion for judgment notwithstanding the verdict. *Heiser v. Rodway*, 247 N.W.2d 65 (S.D.1976).

The judgment appealed from, which set aside the judgment for plaintiff, is reversed and the trial court is directed to reinstate the judgment for plaintiff rendered by the jury.

All the Justices concur.

ANDERST, Circuit Judge, sitting for MORGAN, J., disqualified.