**Rodney A. NELSON, Plaintiff and Appellant,**

v.

**Frederica W. McCLARD, Defendant and Appellee.**

No. 14516.

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1984.

Decided Nov. 7, 1984.

T.F. Martin of McCann, Martin & McCann, Brookings, for plaintiff and appellant.

W.A. Hackett of Austin, Hinderaker & Hackett, Watertown, for defendant and appellee.

WUEST, Acting Justice.

This case arose out of a collision at an intersection controlled by traffic signals. Appellant Rodney A. Nelson (appellant) sued for damages to his pickup and appellee Frederica W. McClard (appellee) counterclaimed for damages to her vehicle. The right to a jury trial was waived and the case was tried before the court. The court concluded both were negligent and that neither could recover. We reverse and remand.

There was some dispute between the parties as to the facts but the court found appellant, who was driving his pickup truck in a northerly direction on 6th Street in

Brookings, South Dakota, had stopped for a red light. It further found appellee, who was operating her automobile in an easterly direction on 17th Avenue, was traveling about twenty-five to thirty miles per hour; that as she approached the intersection the light changed to yellow and before she entered the intersection it changed to red. The court found that when the light turned green for appellant, he entered the intersection without observing appellee's automobile approaching the intersection. A collision occurred in the intersection, causing property damage to both vehicles. Traffic lights at the intersection are timed, so the green light will not show until the yellow light has ceased and all four signals have been red for one second.

The trial court concluded appellee was negligent for running a red light and appellant was negligent for failing to observe appellee's vehicle approaching the intersection and not keeping a proper lookout. The court made no finding or conclusion under the comparative negligence statute.

A green light indicates vehicular traffic facing the signal may proceed straight through. SDCL 32–28–2. A steady yellow light alone indicates the vehicular traffic facing the signal is warned that the red signal will be exhibited immediately thereafter and such vehicular traffic shall not enter the intersection when the red signal is exhibited. SDCL 32–28–3. A steady red light alone indicates vehicular traffic facing the signal shall stop before entering the intersection and shall remain standing until green is exhibited alone. SDCL 32–28–4.

There are no South Dakota cases dealing with stop lights except *First Northwestern Trust Co. v. Schnable*, 334 N.W.2d 16 (S.D. 1983), which is factually different. There are, however, numerous cases dealing with stop signs.

In *Grosz v. Groth*, 78 S.D. 379, 102 N.W.2d 834 (1960), the court held a traveler on the through highway had the right to assume cross traffic would come to a stop before entering the intersection he was approaching; however, he had to make timely observation of the crossroad for oncoming traffic. Citing *Alborn v. Arms*, 74 S.D. 277, 52 N.W.2d 101 (1952); *Robertson v. Hennrich*, 72 S.D. 37, 29 N.W.2d 329 (1947); *Kundert v. B.F. Goodrich Co.*, 70 S.D. 464, 18 N.W.2d 786 (1945); *McKiver v. Theo. Hamm Brewing Co.*, 67 S.D. 613, 297 N.W. 445 (1941); 5A Am.Jur., *Automobiles and Highway Traffic*, § 323.

In *Burmeister v. Youngstrom*, 81 S.D. 578, 139 N.W.2d 226 (1965), we held that

the presence of a stop sign does not relieve a motorist of the duty to use the favored highway with reasonable care and with due regard to the safety of others, *Robertson v. Hennrich*, 72 S.D. 37, 29 N.W.2d 329 [1947], but where the driver upon a road knows it is protected by a stop sign at an intersection with another road he can reasonably assume until the contrary is observed that a motorist approaching the intersection on an intersecting road will stop, look, and yield the right-of-way to the driver on the favored road.

81 S.D. at 583, 139 N.W.2d at 229.

An argument could be made that *Burmeister* modified the rule stated in *Grosz* and earlier cases. However, we are dealing with signals, as distinguished from stop signs. Ordinarily, signals are used for congested areas, whereas stop signs are used on less busy highways and streets.

Modern day intersections are dangerous enough with left turn lanes, turn arrows, delayed signals, right turns on red, etc. The driver of the car entering the intersection on the preferred street is kept sufficiently busy by the action at the intersection. If we required this driver to additionally check the oncoming traffic on the non-preferred street we would probably cause more accidents than we would prevent.

*Anderson v. Pre-Fab Transit Co., Inc.*, 409 N.E.2d 1157, 1164 (Ind.App.1980) citing *Wallace v. Doan*, 155 Ind.App. 316, 292 N.E.2d 820 (1973). *See also Walton v. Kolb*, 31 Colo.App. 95, 500 P.2d 149 (1972); *Pfister v. West*, 53 Ill.App.2d 305, 203 N.E.2d 35 (1964); *Lehar v. Rogers*, 208 Kan. 831, 494 P.2d 1124 (1972).

In the California case of *Taylor v. Sims,* 72 Cal.App.2d 60, 63, 164 P.2d 17, 19 (1945), the court stated:

Since the intersection here involved was controlled by an electric traffic signal plaintiff was not required to look into the cross streets before entering the intersection. The signal permits him to move in an easterly and westerly direction. The rule being that where the intersection movement of traffic is governed by signaling devices the determination of the question as to whether the one driver or the other is responsible for a collision at the intersection depends primarily upon the showing as to whether one vehicle or the other was being operated in conformity with the signal. The driver proceeding pursuant to the "Go" signal is not to be deemed negligent because he fails to maintain a lookout for a vehicle which might enter the intersection in violation of the signal. (citations omitted)

In the Michigan case of *Stillwell v. Grubaugh,* 357 Mich. 344, 351, 98 N.W.2d 490, 493 (1959) (citations omitted), the court stated:

If one crossing with a green light cannot depend upon the safety the law affords him, but must wait each time to see whether the driver approaching the red light will observe the light and stop, he may find himself in a dangerous position, particularly if the light changes against him before he has completed his trip across the street.

We believe a motorist proceeding on green should not be deemed negligent because he failed to maintain a lookout for a vehicle which might enter the intersection in violation of the signal. He has the right to assume the other traffic will obey the signal. Of course, this does not relieve him from keeping a lookout, or using reasonable care, with due regard for the safety of others. In other words, a motorist may not be blithely oblivious to the obvious.

Accordingly, we reverse and remand with directions to enter judgment for appellant for his damages.

FOSHEIM, C.J., and WOLLMAN and HENDERSON, JJ., concur.

MORGAN, J., concurs specially.

MORGAN, Justice (concurring specially).

I concur in the result and the gist of the opinion as I understand it, but I find the statements in the penultimate paragraph to be contradictory and illogical. In effect, the holding is: A motorist proceeding on green should not be deemed negligent because he failed to maintain a lookout—of course, this does not relieve him from maintaining a lookout—.

I agree with the author, based on the authorities cited, that a motorist entering a controlled intersection under the green light does not have to peer down the non-preferred streets to see if someone is going to run a red light. However, if the offending driver has entered the intersection and is in plain view, the preferred motorist may not blithely ignore the obvious. From the record before us, the latter was not the case, nor are we involved with other vehicles or pedestrians legally in the intersection.