**Alton TREIB, Plaintiff and Appellant,**

v.

**Art KERN, Defendant and Appellee.**

No. 18275.

Supreme Court of South Dakota.

Considered on Briefs on Dec. 1, 1993.

Decided March 30, 1994.

Kenneth E. Barker and Brad A. Schreiber of Quinn, Eiseland, Day & Barker, Belle Fourche, for plaintiff and appellant.

Curt Ireland, Rapid City, for defendant and appellee.

AMUNDSON, Justice.

Alton Treib (Treib) appeals a jury verdict and judgment for Art Kern (Kern) on Treib's claim for negligence in a car accident. We affirm.

## FACTS

On the morning of August 6, 1990, Treib was involved in a collision with Kern. Treib was driving south at approximately fifteen miles per hour on Main Street of Lemmon, South Dakota. While approaching Kern's house, Treib noticed a billow of smoke come from the exhaust of Kern's pickup. As Treib proceeded, Kern backed out of his driveway and hit Treib. Neither Treib nor Kern saw each other at the time of impact. After the accident, Treib told a police officer that as he passed Kern's driveway he thought, "Whew, I made it."

Treib testified he was aware of Kern's tendency to back out of his driveway without looking. Treib admitted that he was taking two different anti-seizure medications at the time of the accident. This medication could cause fatigue and drowsiness to the point that it would be dangerous to operate an automobile. Treib knew of these possible side effects.

Notwithstanding his knowledge of Kern's tendencies and his observations, Treib took no evasive action to avoid this accident. Treib claims that immediately after the accident Kern's first comments were "it was my fault." Treib also claims that Kern's wife Johanna came out of the residence immediately after the accident and called Kern an old fool who should not have been driving due to a recent eye surgery. Kern and his wife disputed this testimony.

Treib claims his left arm was paralyzed by the accident. The medical diagnosis of this injury is disputed, with some agreement that Treib suffers from "hysterical conversion," a psychological disorder causing paralysis.

A jury trial was held before the Honorable Timothy R. Johns on December 14–18, 1992, in the Eighth Judicial Circuit, Perkins County, South Dakota. The trial court granted Treib's motion for a directed verdict finding Kern negligent but denied Treib's motion for directed verdict on his contributory negligence. The jury returned a verdict for Kern.[1] Treib then filed a motion for judgment notwithstanding the verdict and an alternative motion for a new trial. The trial court denied these motions and entered a judgment consistent with the jury's verdict.

## ISSUES

1. Did the trial court err in denying Treib's motion for directed verdict on contributory negligence and his motion for judgment notwithstanding the verdict?

---

1. On a special verdict form, the jury found that Treib was negligent, that his negligence was the proximate cause of the accident, and that his negligence was more than slight. *See,* attached jury verdict form.

2. Did the trial court abuse its discretion by denying Treib's motion for a new trial?

3. Was it error to permit the jury to view evidence not admitted into evidence during the trial?

## STANDARD OF REVIEW

Our standard of review of the circuit court's denial of a directed verdict and of the jury's determination in favor of this [defendant] is well established. We must examine the evidence in the light most favorable to the non-moving party and give him the benefit of all reasonable inferences. The moving party is entitled to evidentiary consideration only where its evidence is uncontradicted and tends to amplify, clarify or explain the evidence in support of the verdict of the jury for the prevailing party.

*Westover v. East River Elec. Power,* 488 N.W.2d 892, 896 (S.D.1992) (citations omitted); *Dartt v. Berghorst,* 484 N.W.2d 891, 895 (S.D.1992) (applying the same standard when reviewing a motion for judgment notwithstanding the verdict).

■ To determine whether the trial court correctly denied the motions for directed verdict and judgment notwithstanding the verdict, we must review the record and determine whether there is any substantial evidence to allow reasonable minds to differ. *Id.* (citing *Haggar v. Olfert,* 387 N.W.2d 45 (S.D.1986)). If there is sufficient evidence to allow reasonable minds to differ, the denial of the motion[s] was correct and appropriate. *Id.* at 49. Only when the facts show beyond any dispute that Treib was not negligent is it appropriate for the circuit court and this court to hold, as a matter of law, for Treib. *Westover,* 488 N.W.2d at 896 (citing *Starnes v. Stofferahn,* 83 S.D. 424, 160 N.W.2d 421 (1968)). It is not a function of an appellate court to weigh the evidence and substitute its judgment for that of the jury. *Id.* "The decision of the jury is likely to be upheld as questions of negligence, contributory negligence and assumption of the risk are for the determination by the jury 'in all except the rarest instances.'" *Westover,* 488 N.W.2d at 896 (quoting *Stoltz v. Stonecypher,* 336 N.W.2d 654, 657 (S.D.1983)). A jury verdict "'[will] not be set aside except in extreme cases as where it is the result of passion or prejudice or the jury has palpably mistaken the rules of law by which damages in the particular case were to be measured.'" *Stoltz,* 336 N.W.2d at 657 (quoting *Simons v. Kidd,* 73 S.D. 306, 311, 42 N.W.2d 307, 309 (1950)).

■ A motion for judgment notwithstanding the verdict is based on and relates back to the directed verdict motion made at the close of all the evidence. Therefore, the grounds asserted in support of directed verdicts are brought before the trial court for a second review. *Sabag v. Continental South Dakota,* 374 N.W.2d 349 (S.D.1985).

■ On appeal, this court reviews the evidence in the light most favorable to support the jury verdict. *Raebel v. Fishers Grove Golf Course, Inc.,* 88 S.D. 20, 22, 214 N.W.2d 785, 786 (1974). "The trial court's decisions and rulings on such motions are presumed correct and this Court will not seek reasons to reverse." *Sabag,* 374 N.W.2d at 355 (citing *Lytle v. Morgan,* 270 N.W.2d 359, 360 (S.D.1978)).

## DISCUSSION

### ISSUE 1

Did the trial court err in denying Treib's motion for directed verdict on contributory negligence and his motion for judgment notwithstanding the verdict?

■ The gravamen of Treib's argument is that contributory negligence should not have been an issue submitted to the jury. Under South Dakota law, a plaintiff may not recover if his negligence is more than slight in comparison with the negligence of the defendant. *Westover,* 488 N.W.2d 892; SDCL 20-9-2. The question of Treib's contributory negligence is a two-part inquiry. *Nugent v. Quam,* 82 S.D. 583, 152 N.W.2d 371 (1967).

■ The first step of the *Nugent* analysis is a determination of whether the plaintiff and the defendant were negligent. If both parties are found negligent, the second step of the process requires that the negligence of

the plaintiff be compared to the negligence of the defendant. As stated earlier, if it is determined that a plaintiff has committed negligence more than slight, the plaintiff cannot recover. *Id.*, 82 S.D. 583, 152 N.W.2d 371. In making such a determination, there is direct comparison between the conduct of the plaintiff and the defendant rather than the reasonable person standard used to determine whether both parties are negligent. *Id.*

At the conclusion of Treib's case, the trial court ruled that Kern was negligent as a matter of law by granting Treib's motion for a directed verdict.[2] However, the trial court denied Treib's motion for directed verdict on his own contributory negligence. At the conclusion of Kern's case-in-chief, the trial court held that Treib's contributory negligence was a question of fact for the jury's determination and denied Treib's motion for directed verdict. "It is a question of fact which varies with the facts and circumstances of each case whether a plaintiff's negligence is slight compared to that of the defendant." *Estate of He Crow v. Jensen,* 494 N.W.2d 186, 188 (S.D.1992) (citations omitted).

In *Howard v. Sanborn,* 483 N.W.2d 796 (S.D.1992), the plaintiffs/appellants argued that the trial court incorrectly submitted the contributory negligence defense to the jury. In Chief Justice Miller's unanimous majority opinion reversing the trial court's decision the following standard was quoted:

' "In considering whether there is evidentiary support for an instruction, a reviewing court must give the evidence the most favorable construction it will reasonably bear. If there is some evidence bearing on the issue, a reviewing court will not disturb the trial court's giving of an instruction." '

*Id.* at 797 (quoting *Gerlach v. Ethan Coop Lumber Ass'n,* 478 N.W.2d 828, 830 (S.D. 1991)) (quoting *Zee v. Assam,* 336 N.W.2d 162, 164 (S.D.1983)).

■ The facts demonstrate that the jury could have reasonably concluded that Treib was not free of negligence in this accident. First, Treib was driving a vehicle while un-

der the influence of medication which could cause fatigue and drowsiness. Treib's physician testified that Treib should not have been driving while taking this medication. There was also evidence that Treib suffered from "absence seizures" which could cause momentary losses of mental consciousness.

Although Treib knew Kern's pickup was running and that Kern had a propensity for backing his pickup without looking, he did not take precautions to avoid an accident with Kern and did not see Kern back onto the road. The evidence shows Treib failed to take any evasive action to avoid the collision even though there was no oncoming traffic which would have interfered with his ability to do so.

The second part of the *Nugent* test requires us to determine whether the plaintiff's negligence is more than slight when compared to that of the defendant.

In discussing the scope of the term 'slight,' we have stated:

'It is now a relative and variable term which defies precise definition and prohibits an arbitrary mathematical ratio limitation. Broadly speaking, our comparative negligence act now applies whenever a plaintiff's contributory negligence is determined to be small in comparison with defendant's negligence. What constitutes "slight" or "small" contributory negligence naturally varies with the facts and circumstances of each case. The same conduct constituting slight or small contributory negligence in one case may be great in others when compared with the negligent acts of different defendants under different facts and circumstances.'

*Westover,* 488 N.W.2d at 898 (quoting *Crabb v. Wade,* 84 S.D. 93, 98, 167 N.W.2d 546, 549 (1969)).

■ First, we must examine the extent of defendant Kern's negligence. Kern violated state law when he backed his car without keeping a proper lookout. SDCL 32–26–14

---

2. In fact, Kern had a statutory duty to yield to vehicles on the street before backing out of his

driveway. SDCL 32–26–14 and SDCL 32–30–20.

and 32–30–20. Violation of these statutes constitutes negligence per se. *Engel v. Stock*, 88 S.D. 579, 225 N.W.2d 872 (1975). The trial court recognized this uncontradicted negligence by directing a verdict on Kern's negligence.

Next, we compare the evidence of plaintiff Treib's negligence to that of Kern. An important fact in ascertaining the extent of Treib's negligence is that he admitted knowing Kern was in his pickup, that the engine was running, and that Kern often backed his pickup from his driveway without looking. Kern suggests that with this knowledge alone Treib should have honked or swerved his pickup to the other lane in an effort to avoid any collision with Kern.

██ This court has held that a motorist has the right to assume that other drivers will obey the rules of the road. *Nelson v. McClard*, 357 N.W.2d 517 (S.D.1984). However, this does not relieve a motorist from keeping a lookout, or using reasonable care, with due regard for the safety of others. "In other words, a motorist may not be blithely oblivious to the obvious." *Id.* at 519. This court has recognized that the statutory right-of-way is not absolute and does not relieve the driver of the duty of exercising ordinary care to avoid collisions. *Yost v. Yost*, 81 S.D. 588, 591, 139 N.W.2d 238, 239 (1965).

██ Treib also testified that immediately after the accident he commented to the police officer that as he drove past the Kern residence he thought "Whew, I made it." The trial court correctly concluded that the jury could have inferred that Treib was negligent

from this comment and the fact that Treib saw exhaust coming from the vehicle.[3]

The trial judge stated:

If you put that with all the physical facts, which would be the length of the driveway, there is an inference here that a trier of fact could draw and that inference is that Alton Treib was aware, prior to the collision, that Art Kern was backing up and that Art Kern was not keeping a proper lookout and that, further, he, the plaintiff Treib, was within a zone of danger. In other words, that Art Kern could realistically hit him. From that premise, negligence can be found on the part of the plaintiff, inasmuch as he did nothing either to warn Art Kern of his presence nor did he take any evasive measures.

██ It is for the jury to decide whether Treib was guilty of contributory negligence for failure to use reasonable care in discovering the danger and avoiding a collision. *Winburn v. Vander Vorst*, 74 S.D. 531, 55 N.W.2d 609 (1952). A determination supported by evidence will not be disturbed even though there are facts which would warrant a different conclusion. *Rumbolz v. Wipf*, 82 S.D. 327, 145 N.W.2d 520 (1966).

After viewing the evidence in a light most favorable to Kern and giving him the benefit of all reasonable inferences, we conclude that reasonable minds could differ as to Treib's contributory negligence. "[I]t is not the function of this court on review to weigh conflicting evidence or to pass upon credibility of witnesses; that task lies within the province of the jury."[4] *Sharkey v. Washington Nat. Ins. Co.*, 373 N.W.2d 421, 427 (S.D.

---

3. Treib's testimony that he thought he had "made it," he saw exhaust coming from Kern's vehicle, and his knowledge of Kern's propensity to back without looking is evidence Treib knew of Kern's potential for negligence. This knowledge required him to exercise ordinary care. Justice Wuest explained this in the unanimous decision of *Frey v. Kouf*, 484 N.W.2d 864, 869 (S.D.1992).

'[T]he duty to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence is apparent or the circumstances are such that an ordinarily prudent person would apprehend its existence.' 65A C.J.S. *Negligence* § 119, at 49 (1966).

Whether Treib exercised ordinary care is definitely a jury question. If he did not, the jury must determine whether his failure to exercise ordinary care is contributory negligence more than slight.

4. In his writing, Justice Henderson mentions the alleged statements made by Kern and his wife after the accident. The record discloses that both Kern and his wife deny making those statements. This obviously interjected a credibility issue into this proceeding and this court cannot make a jury's decision during the appellate process.

1985) (citing *Lukens v. Zavadil,* 281 N.W.2d 78 (S.D.1979); *Kamp Dakota, Inc. v. Salem Lumber Co., Inc.,* 89 S.D. 696, 237 N.W.2d 180 (1975)). Therefore, the trial court did not abuse its discretion in denying the motions for directed verdict and judgment notwithstanding the verdict.

## ISSUE 2

Did the trial court abuse its discretion by denying Treib's motion for a new trial?

 Treib claims that a new trial should have been granted because the jury verdict was contrary to the weight of the evidence and the settled law of the State of South Dakota. SDCL 15–6–59(a)(6). The rule is well established that a trial court has broad discretion in granting a new trial. *Simmons v. City of Sioux Falls,* 374 N.W.2d 631 (S.D.1985). The denial of a new trial will not be disturbed on appeal absent a clear showing that the trial court abused its discretion. *Herren v. Gantvoort,* 454 N.W.2d 539 (S.D.1990).

As stated above, Treib's contributory negligence was an issue of fact for the jury. There was conflicting evidence which could lead to differing inferences favorable to either party.

> While the existence of a conflict in the evidence is a controlling consideration by which courts are governed in setting aside a jury verdict, the mere presence of a conflict in the evidence does not license a trial court to weigh conflicting evidence and substitute its own judgment for that of the jury, simply because it disagrees with the verdict. It must appear that the evidence was conflicting on several controlling points and that the verdict is clearly unsupported in light of other evidentiary facts proven. *Therefore, unless the finding of the jury on a question of fact is so unreasonable, arbitrary, and unsupported by the evidence, a new trial should not be granted on the basis of insufficiency of the evidence.*

*Lewis v. Storms,* 290 N.W.2d 494, 497 (S.D. 1980) (footnotes omitted) (emphasis added).

After examining all the evidence, it cannot be said that the verdict reached was unreasonable, arbitrary, and unsupported by the evidence. The jury was properly instructed as set forth above, and there was sufficient evidence from which the jury could have reasonably inferred that, while both drivers were negligent, Treib's negligence was more than slight when compared to Kern's. *Id.* "In determining whether the trial court abused its discretion in denying an application for new trial, this court views the evidence in the light most favorable to the [jury] verdict." *Cody v. Edward D. Jones & Co.,* 502 N.W.2d 558, 561 (S.D.1993) (citing *Stoltz,* 336 N.W.2d at 656). In this case, the trial court did not abuse its discretion by denying the motion for a new trial.

## ISSUE 3

Was it error to permit the jury to view evidence not admitted into evidence during the trial?

██ Sometime after the accident, Treib was interviewed by a claims representative for State Farm Auto Insurance at the office of Treib's attorney. This interview was tape-recorded and later transcribed. The tape recording and its transcription were marked as defendant's exhibits R and S. At trial, the transcript was admitted for impeachment purposes only because it was inconsistent with Treib's testimony. The record does not indicate whether the transcript or cassette tape was ever offered or received into evidence. However, the clerk of courts recorded these exhibits as offered and received into evidence sometime during trial.

At the conclusion of the case, the trial court "instruct[ed] counsel to get together and make sure that ... all the exhibits that were admitted and received into trial so the Bailiff can then provide them to the jury." Presumably, after counsel for both parties reviewed the exhibits and no further objections were raised, the exhibits were submitted to the jury.[5] Treib now argues that,

---

5. The record shows that Treib's counsel invited the jury to "review the tape" during his closing argument.

since the transcript was admitted for impeachment purposes only, it was error for the jury to receive the tape during deliberation.

Treib claims that neither the tape nor the transcript are accurate accounts of the interview and that someone may have altered them. This allegation remains unsubstantiated and no effort has been made to prove the transcript or tape is bogus. Treib could have called all of those present at the recorded interview to testify at trial but did not do so.

■■■■■ It is error to submit exhibits to the jury for deliberation when the trial court has not accepted those exhibits into evidence. *Beasley v. Washington,* 169 Mich.App. 650, 427 N.W.2d 177 (1988). A party alleging error on appeal must show such error affir-

matively by the record and not only must the error be demonstrated but it must also be prejudicial error. *Shaffer v. Honeywell, Inc.,* 249 N.W.2d 251 (S.D.1976). "Prejudicial error" is error which in all probability must have produced some effect on the final result of the trial. *Koupal & Anton, Inc. v. Wieczorek,* 375 N.W.2d 639 (S.D.1985). Treib has not shown that the inadvertent submission of these exhibits has prejudiced him or impacted the jury verdict. Thus, a new trial is not warranted.

The jury's verdict is affirmed in all respects.

MILLER, C.J., and WUEST, J., concur.

HENDERSON and SABERS, JJ., dissent.

APPENDIX

STATE OF SOUTH DAKOTA)
)
COUNTY OF PERKINS )

IN CIRCUIT COURT

EIGHTH JUDICIAL CIRCUIT

ALTON TREIB, )
)
 Plaintiff, )
)
 vs. ) SPECIAL VERDICT FORM
)
ART KERN, )
)
 Defendant. )

We, the jury, duly impaneled in the above-entitled action and sworn to try the issues therein, answer the Special Verdict as follows:

1. Was the Defendant's negligence a proximate cause of any injury to the Plaintiff? _____ yes _____ (Yes) or No)

 If your answer is No, the foreperson shall sign this Special Verdict. If your answer is Yes, then go to No. 2.

2. Was the Plaintiff negligent? _____ yes _____ (Yes) or No)

 If your answer is Yes, go to No. 3. If your answer is No, then go to No. 5.

3. Was the Plaintiff's negligence a proximate cause of the accident?
 _____ yes _____ (Yes) or No)

 If your answer is Yes, go to No. 4. If your answer is No, go to No. 5.

4. Was the Plaintiff's negligence more than slight when compared to that of the Defendant? _____ yes _____ (Yes) or No)

 ∙ If your answer is Yes, the foreperson shall sign this Special Verdict. If your answer is No, then you must reduce the Plaintiff's damages to the extent of his contributory negligence and answer No. 5.

Perkins County, South Dakota
Filed at.....o'clock.....M

DEC 18 1992

Cheryl Loughlin
CLERK OF COURTS
K J DEPUTY

-13-

5. Damages: You must determine the damages Plaintiff is entitled to recover for each element of damage, if any, and the foreperson shall sign this Special Verdict. If you find that the Plaintiff failed to mitigate his damages, you must take that into consideration when making your award of damages. In awarding damages you must consider all of the elements given in Instruction No. *23 A* and insert the total amount in the following blank. $_____

___*12-18-92*___
Date

*Darlene Lockert*
Foreperson

---

HENDERSON, Justice, dissenting.

I respectfully dissent. This case should be reversed due to the rulings of the trial court and remanded for a trial to proceed to determine Treib's damages.

Central to a just determination of this case is a fair statement of the facts.

A collision occurred on a graveled street in Lemmon, South Dakota. Essentially, Treib drove past Kern's house, and Kern backed out of his driveway and struck Treib's pickup. Throughout the trial, the evidence established Kern's negligence and a directed verdict was granted in favor of Treib.

Treib was driving a freshly painted 1986 Dodge, ¾ ton pickup. As a result of this collision, he claims property damage and damages for alleged permanent injuries. A jury returned a verdict for Kern. Crucial to this verdict, inter alia, was a special interrogatory asking the jury to determine if Kern was the proximate cause of Treib's injuries. "Yes" was its answer. Treib maintains the verdict is inconsistent with the jury's answer to this special interrogatory. I agree.

Immediately after this collision, Kern admitted several times "It was my fault." His wife exited the house and told him he was an "old fool," that he should not have been driving, and knew he would get into a wreck. A gentleman witnessed the collision scene and watched Kern's wife exit the house. Excitedly, she told her husband "I told you not to drive. You know your eyesight's bad. I told you not to do it." The eyewitness then heard Kern tell his wife "Yes, I know it's my fault. It's my fault!"

Kern testified, which is binding, that he never saw Treib's truck until after the collision. His testimony was revealing in that he was backing up, intending to go north on the street (Main Street) he was backing into. He admitted he had poor visibility because he looked through his passenger window *and* through the windows of his wife's car for oncoming traffic. To have made such a backup, with an intent to go north, he had to back into the oncoming lane of traffic, i.e., the southbound lane of traffic Treib was traveling in. The Chief of Police of the City of Lemmon investigated the accident. It was no mystery to him as to what caused the accident. On his accident report, Plaintiff's Exhibit 53, he noted that Treib was driving down the street and Kern backed up and backed into Treib. The Chief of Police reiterated the same at trial. An area on the accident report designated for Treib was marked "zero" for no contributing circumstances. The geophysical facts, i.e., the collision impact and damage resulting therefrom, reveal that Kern's vehicle approached Treib's from the rear and struck Treib's vehicle at an angle. So, the impact was a *rearward*

*angle* collision with damage to the right rear corner (only) of Kern's vehicle.

Kern should not have prevailed in this lawsuit. He committed several statutory violations. Kern violated SDCL 32–26–14, which provides:

The driver of a vehicle about to enter or cross a public highway from an alley, building, private road or driveway shall yield the right-of-way to all vehicles approaching on such public highway. A violation of this section is a Class 2 Misdemeanor.

Kern had a statutory duty to yield and he failed to do so.

He violated SDCL 32–30–20:

The driver of a vehicle may not back the vehicle unless such movement can be made with safety and without interfering with other traffic. A violation of this section is a Class 2 Misdemeanor.

Kern admitted that he did not see Treib (or his vehicle) before he backed out. He did not see Treib until *after* the collision, per his own testimony!

Kern also violated SDCL 32–30–21 which provides:

The driver of a vehicle may not back the vehicle upon any shoulder or roadway of any controlled access highway. A violation of this section is a Class 2 Misdemeanor.

When Kern backed out of his driveway into Treib's lane of traffic, *Kern was on the wrong side of the road—facing the wrong direction.*

Is there any substantial, credible evidence to sustain the verdict? That is the test. *Fajardo v. Cammack,* 322 N.W.2d 873 (S.D. 1982). It is undisputed that Treib saw a *parked* vehicle with its engine running. It is also undisputed that Kern's truck hit the rear of Treib's truck as it passed Kern's driveway. To prevent Treib from recovering, the jury had to have found that his negligence was more than slight, as compared to Kern's negligence. *Nugent v. Quam,* 82 S.D. 583, 152 N.W.2d 371 (1967). Somehow, the jury has decided that people backing out of driveways can throw caution to the wind. Should an accident occur, the jury has decreed, let the blame fall upon the motorist lawfully in traffic. This Court should not uphold such foolish logic. Read

what a respected treatise, 7A Am.Jur.2d *Automobiles and Highway Traffic* § 876 (1980), advises us:

[M]ore than usual care is required in backing out of a private driveway, and that one backing from private property onto a public highway must use greater care than would be required of one driving along the highway. The operator of a motor vehicle backing onto a public highway or street from private property is under a duty of yielding the right of way in the road or sidewalk to other travelers, must exercise at least reasonable care commensurate with the circumstances to look out for other users of the roadway ..., *and must refrain from backing into the public way until he ascertains that such movement may be made with safety.* Moreover, one backing a motor vehicle onto a public thoroughfare from private property has the duty to give at least that signal or warning of his intention reasonably required by the circumstances to anyone who may be affected by his movement, or to give warning of his presence in the road after backing into it. (Emphasis supplied mine.)

Deposition testimony reveals that Treib took prescription medicines which *could* cause drowsiness and fatigue. Treib's doctor cautioned him against driving while on the medication. The fact that Treib did not heed this advice does not constitute negligence on his behalf. Why? There was absolutely no evidence that the medicine had such effect on him that morning.

Contributory negligence is also connected to the allegation that Treib did not swerve or honk his horn in an attempt to avoid the accident. Treib had the right to assume that Kern would exercise due care and obey the law. *Musilek v. Stober,* 434 N.W.2d 765 (S.D.1989); *Nelson v. McClard,* 357 N.W.2d 517 (S.D.1984). Jury instructions 19 and 20 reiterated the same.

By this verdict, the jury has granted the right of way to Kern while penalizing Treib for unfortunately being in the way of a reckless driver. The majority writing has upheld this logic because Treib admitted knowing "that Kern often backed his pickup from the driveway without looking." This logic should

remind us of the bumper sticker that reads, "If you don't like my driving, stay off the sidewalk!"

Because Treib did not swerve or honk before Kern haphazardly backed out of his driveway and slammed into the rear of Treib's truck does not make him "oblivious to the obvious" as the majority states. *See Auto–Owners Ins. Co. v. Transamerica Ins.,* 357 N.W.2d 519 (S.D.1984). There was no duty for him to honk or swerve, particularly when he had little time to react to a driver suddenly hitting the rear of his vehicle. If any negligence on Treib's behalf can be imagined, it certainly does not constitute more than slight negligence when compared to Kern's reckless driving. *Estate of He Crow v. Jensen,* 494 N.W.2d 186 (S.D.1992). No substantial, credible evidence supports the verdict. *Fajardo,* 322 N.W.2d at 875. The jury apparently has palpably mistaken the applicable rules of law and the jury instructions. *See Stoltz v. Stonecypher,* 336 N.W.2d 654, 657 (S.D.1983). This is precisely why the judicial tool to grant a motion for a judgment notwithstanding the verdict exists. Thus, the trial court should have granted said motion. We should reverse and remand for a trial to be held below upon the sole issue of Treib's damages.

SABERS, Justice, dissenting.

This appears to be a simple case. Plaintiff was driving past Defendant's residence and driveway when his vehicle was struck from behind in the right rear-end by Defendant's vehicle. Plaintiff was in the proper lane traveling at a proper speed. Defendant committed numerous violations, as detailed in Justice Henderson's dissent, by improperly backing out of his driveway without looking or determining that it could be done in safety, into the wrong lane and striking Plaintiff's passing vehicle. Despite these facts, the jury found Plaintiff's negligence was more than slight when compared to that of Defendant.

Under SDCL § 15–6–59(a)(6), a verdict may and should be set aside when the jury draws from conflicting evidence inferences that reason cannot support in light of other evidentiary facts proven or when it is against the law. The trial court has broad discretionary power in granting or denying a motion for a new trial and, generally, that order will not be disturbed absent a clear showing of abuse of discretion. However, if an injustice has been done by the jury's verdict, the remedy lies in granting a new trial.

*Hepper v. Triple U Enter., Inc.,* 388 N.W.2d 525, 530–31 (S.D.1986) (citations omitted). *See Freeman v. Berg,* 482 N.W.2d 32, 35 (S.D.1992) (citation omitted) ("A new trial should not be granted on the basis of insufficient evidence unless the finding of the jury on a question of fact is 'unreasonable, arbitrary, and unsupported by the evidence.' ").

Is there sufficient evidence to justify the verdict that Plaintiff's negligence was more than slight when compared to that of Defendant? I don't think so. SDCL 15–6–59(a)(6); *Hepper,* 388 N.W.2d 525 (concluding that the jury was presented with insufficient evidence to support the verdict and establish reasonable damages).

The fact that Plaintiff thought he made it as he passed Defendant's driveway is not evidence of negligence or of negligence "more than slight" when compared to that of Defendant. Nor is being "aware of Defendant's tendency to back out of his driveway without looking." One must do something wrong. What evasive action could Plaintiff have taken to avoid this accident—unless he could somehow cause his vehicle to evaporate in thin air.

In view of this record, there is insufficient evidence to justify the verdict that Plaintiff's negligence was more than slight when compared to that of Defendant. SDCL 15–6–59(a)(6). I conclude that the jury's findings were unreasonable, arbitrary, and unsupported by the evidence and therefore, the trial court abused its discretion in not granting judgment notwithstanding the verdict or a new trial. *Id.; Hepper,* 388 N.W.2d at 531 (concluding that trial court clearly abused its discretion in denying a motion for new trial). *Compare Freeman,* 482 N.W.2d at 35–36 (concluding that based on the evidence of contributory negligence presented at trial, the court could not "conclude that the jury's findings were so unreasonable, arbitrary, and

unsupported by the evidence that the trial court clearly abused its discretion in failing to award a new trial").